Jacob Mark, Appellant, *v.* Elizabeth A. L. Hyatt et al.,
Respondents.

An action of trespass will not lie to recover the damages caused by an injunction, where the court had jurisdiction and power to grant such a writ, and where the one issued was not wholly void, but was erroneous because not restricted in its operation, and was set aside for that reason; unless the procurement thereof is alleged and proved to have been malicious and without probable cause.

*It seems,* where a void injunction order is granted, the mere service thereof is not a trespass, and if the party sought to be restrained voluntarily obeys it, he cannot maintain an action of trespass to recover his damages.

Defendant, E., brought an action against the firm of which plaintiff was a member for an accounting and for royalties due her under a contract on its part to manufacture, as her licensee, a patented article, and for a cancellation of the license because of nonperformance of the contract, and to enjoin the licensees from further manufacturing under the license. By the judgment an accounting and revocation of the license was ordered and an injunction granted which perpetually restrained the licensees from manufacturing the patented article. A copy of this judgment was served on the licensees May 1, 1883. They obeyed the injunction, but appealed from the judgment, and on June fifth obtained an order staying proceedings. The judgment was modified on appeal by striking out the portion awarding an injunction. (17 J. & S. 375.) In an action of trespass plaintiff sought to recover his damages because of ceasing to manufacture during the interval between the service of copy judgment and the obtaining of the stay. The complaint was dismissed. *Held,* no error; that no trespass was established.

Reported below, 61 Hun, 325.

(Argued June 9, 1892; decided October 4, 1892.)

APPEAL from judgment of the General Term of the Supreme Court of the first judicial department, entered upon an order made October 21, 1891, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Circuit.

This was an action for a trespass.

The facts, so far as material, are stated in the opinion.

*Edward D. McCarthy* for appellant. The Superior Court had no jurisdiction to grant an injunction against Mark, the defendant therein. It is beyond the power of any local court to grant an injunction in any cause brought in the right of a patentee. (*H. S. Co.* v. *Reinold,* 102 N. Y. 167; *C. S. Co.* v. *Clark,* 100 id. 370; *Dudley* v. *Mahew,* 3 id. 14, 16, 18.) He who obtains an order from a court of general jurisdiction and procures the same to be served on his opponent in order to take advantage to himself, is estopped to say that this order ought to be disobeyed. (High on Inj., § 1652; Bigelow on Est., 363; *Robertson* v. *Smith,* 28 N. E. Rep. 857; *Walton* v. *Develing,* 61 Ill. 201; *Daniels* v. *Tearney,* 102 U. S. 415; *C. Co.* v. *H. Co.,* 39 Barb. 16; *Adams* v. *Olive,* 57 Ala. 249; *Hanna* v. *Mackenzie,* 5 B. Mon. 314; *Carver* v. *Carver,* 77 Ind. 498; *Hoy* v. *Rogers,* 4 T. B. Mon. 225.) A void order of a court which contains a command, impliedly sanctioned by a threat, is a trespass *ab initio ;* persons who obtain the order and those who execute it, are jointly and severally liable. (*Langbein* v. *Fisher,* 103 N. Y. 89; *Keeler* v. *F. Bank,* 6 N. Y. Supp. 470; *Carew* v. *Rutherford,* 106 Mass. 1; *Carey* v. *Pringle,* 11 Johns. 444.)

*Henry H. Man* for respondent. Either the Superior Court had jurisdiction or it had not. In either case there was no cause of action by Mark, one of the defendants in the Superior Court, against Mrs. Hyatt. (*Day* v. *Bach,* 87 N. Y. 56; *People ex rel.* v. *Edson,* 20 J. & S. 53; *Dickey* v. *Head,* 78 Ill. 261, 273; *State* v. *Voorhis,* 37 La. Ann. 605; *Jenkins* v. *Parkhill,* 25 Ind. 473, 477.) Malicious prosecution is the

only remedy for unjustly setting a court in motion. This action cannot be maintained as one for malicious prosecution. (Add. on Torts, 219; *Marks* v. *Townsend*, 97 N. Y. 590; *Day* v. *Bach*, 14 J. & S. 460; 87 N. Y. 56; *Lawton* v. *Green*, 64 id. 326, 330, 331; *Palmer* v. *Foley*, 71 id. 106, 108; *Cox* v. *Taylor*, 10 B. Mon. 17; *Beaty* v. *Perkins*, 6 Wend. 382; *Hallock* v. *Dorning*, 69 N. Y. 238; *C. L. S. Co.* v. *Butchers' Union*, 120 U. S. 141.) The Superior Court had not jurisdiction of the cause of action. (*Hyatt* v. *Ingalls* 124 N. Y. 93, 103; *In re Ingalls*, 139 U. S. 548; *D. T. Co.* v. *Hyatt*, 125 id. 46; *Hyatt* v. *D. T. Co.*, 106 N. Y. 651.) The judgment of injunction did no practical injustice to Ingalls and Mark. (*Hyatt* v. *Ingalls*, 124 N. Y. 95; *Gage* v. *Herring*, 107 id. 640.)

FINCH, J. The injury alleged in this action, and for which compensation is sought, originated in the operation and effect of a previous judgment obtained by Elizabeth Hyatt, one of the present defendants. In that action she sued the firm of Mark & Ingalls under a contract to manufacture as her licensees a patented article. Her complaint set out the terms of that agreement which showed a license granted by her for the term of her patents and of any reissues thereof; the licensees binding themselves to pay a specific royalty and to render due and correct accounts of their manufacture. The validity of the patents and the consequent right of their owner were thus recognized, and the licensees, while the agreement stood, could not call in question the title of the patentee. Her complaint further alleged that an account had been refused and payment of the royalties withheld; that the licensees were wholly irresponsible, and asked as relief an accounting and recovery of the royalties due; that the license granted should be delivered up to be canceled, and the licensees be enjoined from further manufacture under the agreement. Of this action the court had full and undoubted jurisdiction, and all the relief asked was clearly within its authority. The plaintiff sought no decree beyond its admitted power to grant.

An answer was served denying most of the material aver-ments of the complaint, and upon the issues joined the case was heard at Special Term. The court rendered an interlocu-tory judgment in favor of the plaintiff which ordered an accounting before a referee, directed a cancellation and revo-cation of the license, and awarded an injunction which exceeded the relief demanded, in that it restrained the licensees perpetually from manufacturing the patented article without, in express terms, merely forbidding it under the license. That judgment was erroneous in part, but not void for want of jurisdiction to hear and determine the action. That existed both as to the parties and the subject-matter. There was power to grant an injunction, but the power was erroneously exercised in not explicitly limiting its operation. That error is claimed to have been in excess of the jurisdic-tion, outside of and beyond it, and so the injunction was wholly void. But it was not so treated. A copy of it was served upon the licensees, and they, with full liberty to disregard it, elected not to do so, but to obey it and deem it valid until reversed. The copy was served upon them on the 1st day of May, 1883. They were not bound to take the risk of diso-bedience, but, while free to do so, were at liberty to proceed against it by appeal. They chose that remedy. They appealed from the judgment, and on the fifth of June obtained an order staying the effect and operation of the judgment and leaving them free pending the appeal from the restraint of the injunction. They might probably have obtained that order earlier, and so have protected themselves from all sub-stantial loss, but from May first to June fifth they claim to have submitted to the injunction, to have discontinued their manufacture, and to have suffered thereby damages, to recover which the present action of trespass was brought. The judg-ment in the former action was modified by striking out the portion awarding an injunction. The complaint herein was dismissed on the trial, and the General Term have affirmed the dismissal.

It seems to me that the plaintiff founds his argument upon

two inconsistent theories and constructs it by shifting uncon-
sciously from one to the other as the emergency requires.
The judgment against him in the prior suit, so far as it awarded
an injunction, was either utterly void for excess of jurisdiction
or was merely an erroneous exercise of jurisdiction. It could
not be both, for the two things are totally inconsistent, and the
truth of the one inevitably involves the falsity of the other.
The learned counsel for the appellants argues first that he had
a right to treat the injunction as operative, as valid until
reversed, and so, as merely erroneous and not wholly void;
the consequence following that the damages occasioned were
the product of the process, caused by its compulsion, and not
by the needless and voluntary act of the party enjoined; that
the then plaintiff is bound by that construction, and may not,
after having obtained and served the injunction, defend against
its consequences by asserting it to have been granted without
jurisdiction. To all that I agree and concede that the author-
ities cited fully justify the contention. The plaintiff here may
hold his adversary to that theory, but in that event must also
stand upon it himself, for it cannot be at the same time both
utterly void and good until reversed. The result of that
reasoning is that while there may have been damages there
was no trespass. The patentée lawfully and fairly submitted
her rights to the decision of the court. While the judgment
rendered was in one respect erroneous, neither the party nor
the court were, therefore, trespassers. Some injury or incon-
venience quite often flows from the operation of an erroneous
judgment pending the appeal, which ends in a reversal, but
there is no trespass and no trespasser. To some extent the
evil is prevented by provisions which stay the execution of the
judgment and authorize a summary restitution; but no action
of trespass will lie to recover the damages unless the prosecu-
tion is alleged and proved to have been malicious and without
probable cause. We have held that doctrine quite firmly and
clearly in cases of injunctions, declaring in substance that,
although the restraining order ought not to have been granted
and was set aside for that reason, yet the damages incurred,

where the proceedings have been regular, cannot be recovered in the absence of an undertaking, except upon the basis of a malicious prosecution. (*Lawton* v. *Green*, 64 N. Y. 326; *Palmer* v. *Foley*, 71 id. 106.) Nothing in this case warrants any such action, and it necessarily follows that, upon the theory which plaintiff adopted, and on which his claim for damages rests, and to which he resolutely holds his adversary, there was no cause of action established, and the courts below properly dismissed the complaint.

But here the appellant suddenly shifts his ground and claims that the judgment instead of being merely erroneous and valid until reversed was never valid at all so far as the injunction was concerned, but void utterly at the moment of its rendition. If that be true the damages claimed resulted not from the void process, but from the voluntary and needless act of the appellant in view of its existence. No action was taken under it by the then plaintiff. Neither the person nor the property of the appellant was touched or seized. When a void warrant of arrest or order of attachment is issued the granting of the process is not necessarily a trespass, and none may exist until it is in some manner executed. It is the arrest or the levy which constitutes the trespass and not the mere granting of the process. The injunction, if absolutely void, was a nullity; it could not and did not restrain the manufacture. If the appellant ceased work the act was his own, and both voluntary and needless. It originated in no compulsion, for there was nothing to compel and nobody compelling. But he answers that the mere service of a copy of the judgment was a trespass, because the then plaintiff could not be heard to say that the injunction which she caused to be served was void and ineffective. But on the theory now under consideration it is not the defendant who asserts the void character of the process, but the plaintiff himself, driven to it by the necessity of providing some sort of foundation on which to build up a claim of trespass, and he cannot assert it for his purpose and deny it when it serves hers.

But, as already intimated, I do not think the injunction

was absolutely void.   Jurisdiction in the action was full and complete.   This court so held upon the appeal.   There was authority to grant an injunction, but the remedy was declared to be needless and so improper in view of the revocation of the license by the judgment rendered.   (*Hyatt* v. *Ingalls*, 124 N. Y. 93.)   Regarded as restraining a future infringement, the injunction would have been in excess of the jurisdiction; but in view of the pleadings, of the findings, and of the general relief awarded, it may and should be construed as a perpetual restraint upon a manufacture under the contract, and was erroneous simply because open to possible misconstruction, and needless and superfluous when construed as it should be as not transcending the jurisdiction.   And this view of it, as a decree voidable and not void, and valid until reversed, is the view upon which plaintiff acted, by force of which only he can assert damages suffered by compulsion, and which he ought not to be permitted to allege for one purpose and at the same time deny for another.

We find no error in the record, and the judgment should be affirmed with costs.

All concur, except GRAY, J., not voting.

Judgment affirmed.