YALE & BOWLING *v.* JOSEPH BAUM ET AL.

INJUNCTION. *Dissolution. Dismissal without prejudice. Effect.*

The dismissal of an injunction suit at the hearing operates as a dissolution of the injunction, and entitles the obligees in the injunction bond to sue for a breach thereof. In such suit the decree of dismissal, though made "without prejudice," is conclusive evidence that the injunction was wrongfully sued out.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

Appellants, Yale & Bowling, sued out an attachment against L. Solomon & Co., which was levied on certain goods. Joseph Baum & Co. claimed to have purchased the goods, and obtained an injunction restraining the plaintiffs from subjecting them to their attachment. The injunction suit was heard on pleadings and evidence, and a decree was entered therein dismissing the bill, "without prejudice to either party." Thereupon this action was brought by appellants against Baum & Co. and their sureties on the injunction bond, to recover damages for the wrongful suing out of the injunction. The plaintiffs, at the trial, offered in evidence the bond and proceedings in the injunction suit, including the decree of dismissal, besides other testimony in support of their demand. Defendants contended that, inasmuch as the decree of dismissal was without prejudice, they were not concluded thereby, but were entitled to show that the goods were not liable to plaint-

iff's attachment, and that the injunction was rightly sued out. Much evidence was offered in support of this contention. The court gave to the jury a peremptory instruction to find for defendants, and judgment was rendered accordingly. Plaintiffs excepted and appealed.

Among other things, the plaintiffs in the court below proved that a reasonable fee for the services of their solicitor in defending the injunction suit was $125. It appeared that no motion was made to dissolve the injunction, but that the case was heard on pleadings and evidence, when the decree of dismissal was entered.

As the opinion of the court is confined to only one point, it is not deemed necessary to make any further statement of the case.

*Miller & Baskin,* for appellants.

The effect of the decree of dismissal was to dissolve the injunction, thereby declaring that it was wrongfully sued out. According to the undisputed testimony, appellants were damaged by suing out the injunction, and were entitled to recover therefor. As to the right to recover for attorneys fees in defending the injunction suit, see *Baggett* v. *Beard,* 43 Miss., 120.

*N. C. Hill,* on the same side.

The court erred in giving a peremptory instruction in favor of defendants. They were estopped by the decree of the chancery court dismissing their bill and dissolving the injunction. No evidence should have been admitted to show that they were not liable.

*McIntosh & Williams,* for appellees.

1. The bill in the chancery case being dismissed without prejudice, all matters involved in that suit could be litigated in this. *Railroad Co.* v. *Davis,* 62 Miss., 271; *Ragsdale* v. *Railroad Co., Ib.,* 480. It was shown that appellants were not entitled to subject the goods to their attachment.

2. As no motion was made to dissolve the injunction, and as the chancery suit was finally heard on its merits, appellants were not entitled to recover attorneys fees for the dissolution. High. on Inj., § 1686. In no view of the case were plaintiffs entitled to recover.

Cooper, J., delivered the opinion of the court.

The dismissal by the chancery court of the suit by Baum & Co. against the appellants and others, though made without prejudice, operated as a dissolution of the injunction, and entitled the obligees in the injunction bond to sue for its breach.

It is too late for the appellees to say that the injunction was rightly sued out; that it was not, is conclusively settled by the decree dissolving it.

*Judgment reversed.*

Judge Woods takes no part in this decision.