MONTANA MINING CO., LIMITED, et al., Respondents, *v.* ST. LOUIS MINING & MILLING CO. et al., Appellants.

[No. 1,166.]

[Submitted October 23, 1899.  Decided November 6, 1899.]

*Injunction—Action on Bond—State and Federal Courts— Pleading—Judgment on the Pleadings—Damages.*

1.  In an action in a state court on an injunction bond given in a federal court, conditioned to pay damages "if the court should finally determine that plaintiff was not entitled thereto," the complaint alleged a final determination of the injunction suit by a judgment dismissing the cause.  The answer alleged, by way of avoidance, that a suit was pending in the federal court, involving the title to the property in controversy, but it did not allege that plaintiffs or defendants were interested therein.  It also alleged that a suit by plaintiffs in the state court to determine the right to the property was also pending, but it did not allege that defendants had any interest in said suit.  *Held,* that the answer did not show that the action was prematurely brought.

2.  An injunction bond given in a federal court may be sued on in a state court without an order of the federal court granting leave when a final disposition of the injunction suit has been made by the entry of judgment of dismissal, with costs against the plaintiff.

3.  Judgment on the pleadings is proper when the complaint is sufficient, and none of its material allegations are denied, and no affirmative matter alleged to defeat the action.

*Obiter:*  Where judgment is rendered on the pleadings, it is not necessary, under Code of Civil Procedure, Sections 754, 1020, for the trial court to hear proof to determine the amount of damages.

*Appeal from District Court, Lewis and Clarke County; H. C. Smith, Judge.*

Action by the Montana Mining Company, Limited, and others, against the St. Louis Mining & Milling Company of Montana, and others.  From a judgment for plaintiffs, defendants appeal.  Affirmed.

This action was brought to recover damages upon an undertaking on injunction executed by the defendants to the plaintiffs to indemnify them in a suit instituted by the defendant corporation against the plaintiffs in the circuit court of the United States, on September 16, 1893. The covenant of the undertaking is as follows: "Now, therefore, we, the undersigned, resident freeholders of the state of Montana, do undertake and promise to the effect that the plaintiff herein will pay to the said defendants so enjoined and restrained as aforesaid such damages, not exceeding the sum of one thousand ($1,000) dollars, as such parties may sustain by reason of the injunction, if the court finally determine that the plaintiff was not entitled thereto."

The complaint alleges that on the 16th day of September, 1893, an action was brought by the defendant, the St. Louis Mining & Milling Company of Montana, against all the above-named plaintiffs in the circuit court of the United States, of the Ninth circuit, district of Montana; that a restraining order was duly issued out of said court on the 20th day of September, 1893, and served upon these plaintiffs; that under and by virtue of said order the plaintiffs, their agents, servants and employes, were enjoined and restrained from in any manner working, mining, excavating, or removing any ore from certain mining property situated in the county of Lewis and Clarke, state of Montana; that upon the issuance of said restraining order the defendant, St. Louis Mining & Milling Company of Montana, executed and filed in the office of the clerk of the circuit court the said bond or undertaking as required by the restraining order; "that thereafter such proceedings were had in said cause that the judge of said court on or about the 3d day of October, 1893, dissolved and set aside the said restraining order, and did finally adjudge and determine that the said defendant, the St. Louis Mining & Milling Company of Montana, was not entitled thereto"; that thereafter, on or about the 17th day of January, 1894,

the said cause was dismissed, and final judgment entered therein in favor of these plaintiffs and against the defendant, St. Louis Mining & Milling Company of Montana; that these plaintiffs, in obedience to said restraining order, were compelled to and did cease working and mining the property aforesaid from the 26th day of September until the 3d day of October, both days included; that the plaintiff, Montana Mining Company, Limited, was greatly injured and damaged by reason of the delay in working and mining said ground, and obtaining ore therefrom to keep its mill employed; that the said plaintiff was put to great expense in employment of counsel and the preparation of evidence to secure a dissolution of said injunction; and that the damages so suffered amounted to above the sum of $1,000.

The defendants admit in their answer all the allegations of the complaint, and by way of avoidance, among other things, allege: "And these defendants aver that the said suit, wherein the said restraining order and injunction mentioned and set forth in the said complaint of the plaintiff, was for the purpose of preserving the property until the final determination of an action then pending in said court wherein the said injunction was granted, in which the title to said property was involved, and which has not yet been determined in said court. And they further aver that the said plaintiffs in this action, for the purpose of determining the question of the right to the said property, instituted an action in this Court, which said action is yet pending and undetermined in the Supreme Court of the State of Montana, and which action involves questions which are and may be tried, on an appeal from any decision that the said Supreme Court of the State of Montana may make therein, in the Supreme Court of the United States, by reason whereof none of the questions, according to the terms and conditions of the undertaking sued upon, have been finally determined, and this action is prematurely brought. Defendants, for further answer, show unto this honorable Court that no order was ever made by the said United States circuit court, or the judge thereof, authorizing

or justifying any suit or action upon the bond sued upon, by reason whereof the said action is prematurely brought, and on account whereof no recovery should or ought to be had therein.''

After the filing of this answer, the plaintiffs moved the court for judgment on the pleadings, upon the two grounds: (1) That the answer contains no denial of the material allegations set forth in the complaint; and (2) that it does not state facts sufficient to constitute a defense or counterclaim thereto. This motion was granted, and the court, after hearing proof, rendered judgment against the defendants for the full amount of the penalty of the bond. From this judgment the defendants appeal.

*Mr. Thomas C. Bach* and *Mr. Edwin W. Toole,* for Appellants.

Assuming that the jurisdiction of the trial court is to be maintained under the decision of this Court heretofore made, the right to determine all legal propositions legitimately involved necessarily follows.

First.. Among these we insist that this bond, having been given in an equity suit in the Circuit Court of the United States, the right to recover damages upon it depends upon the exercise of the discretion of that court, which is as much a condition of the bond as though expressed in it. Hence we claim that the right to recover the damages sought to be recovered should have been passed upon by the court in which the bond was required and executed. It was within the province of that court to require a bond or not, and equally within its province to determine whether an action should be maintained upon the same. This being a part of the conditions of the bond, can this Court dispense with the exercise of the discretion mentioned and try the rights of the parties under the conditions of the bond given conditioned in pursuance of the provisions of the statutes of the state of Montana? There was an action to determine the title to the property still pending, and it was an implied condition of the bond that leave to sue in

another jurisdiction should first be granted by the court in which the bond was given, *i. e.*, it will appear from the authorities that leave even to sue in the court in which it was given was necessary.    This is eminently proper, as the court might say that the question as to the right of preliminary injunction is not yet finally determined, and that both action and order may be reinstated when the title question is ultimately settled.    So this discretion was a material one, yet unexercised, and upon these points we cite the following cases: *Coosaw Min. Co.* v. *Farmers' Min. Co.*, 51 Fed. 107; *Brown* v. *Easton*, 30 N. J. Eq. 725; *Russell* v. *Farleigh*, 105 U. S. 433; *Meyer* v. *Block*, 120 U. S. 206; Foster Fed. Prac., 2d Ed., Sec. 237 and bot. p. 236; *Bien* v. *Heath*, 12 Howard U. S. 168; High on Injunctions, 3d Ed., Sec. 1656.

Hence, if the court had jurisdiction to try the case, the record shows that the discretion contemplated and order required were never made, and that the condition of the bond thus implied has never been broken.    Giving the right to the Circuit Court of the United States, or the judge thereof, to define the conditions of the bond, we claim that there was no such determination of the rights of the parties as would justify a recovery in this action. It would seem, in all reason, to follow that the action being simply in aid of an action at law, and not to control the legal title to property, cannot be said to be a final determination until a final determination of the rights of the parties, in which the aid of the court of equity was invoked simply for the purpose of preserving the property during the litigation over its title.    The court directed the execution of a statutory bond, as shown by the bond itself.    The conditions expressed, as judicially interpreted, do not refer to a dissolution of the restraining order, but the final determination of the merits of the contention to which it is ancillary.    Here it was to preserve the property, and the condition is that it must be finally determined that the plaintiff was not entitled to the injunction.    The liability of the sureties is controlled by the recitals in the bond, and the presumptions follow that the United States courts intended the statu-

tory bond to receive the construction given. it by the state courts. Whether it did or not, the sureties have a right to stand upon it. (*Palmer* v. *Foley*, 71 N. Y. 106.) The actions cannot be united in the United States courts, and by the terms of the bond, it is not finally determined until the action set up in the answer, in which it was in aid of, is finally determined. (*Clark* v. *Clayton*, 61 Cal. 634; *Dougherty* v. *Dore*, 63 Cal. 170; especially *Creek* v. *McManus*, 13 Mont. 152.) Here, as shown by the pleadings, there was pending a *main cause* of *action* involving the title to the property, and the temporary restraining order was simply to preserve it. (*Miles* v. *Edwards*, 6 Mont. 190; *Bein et al.* v. *Heath*, 12 Howard U. S. 168; High on Injunctions, Sec. 1656.) And upon this proposition we cite the following authorities: *Creek* v. *McManus et al.*, 13 Mont. 152, and the authorities and reasoning there used, *supra;* High on Injunctions, 3d Ed., Secs. 1640, 1656; *Jones* v. *Ross*, 29 Pac. 680; *Brown* v. *G. M. & S. Co.*, 4 *id.* 1016, bot. p.; *Stewart* v. *Miller*, 1 Mont. 301. Keeping the distinction in view, referred to in 13 Mont., *supra*, and it would seem this proposition is sound.

*Messrs. Cullen, Day & Cullen*, for Respondents.

MR. CHIEF JUSTICE BRANTLY, after stating the case, delivered the opinion of the Court.

1. Defendants contend that the judgment of the district court is erroneous, in that the action for injunction instituted by the defendant corporation in the circuit court of the United States, wherein the undertaking in question was given, was merely ancillary to an action at law then pending in the same court, and not yet determined, the object of which is to settle a controversy between the plaintiff and defendant corporations as to the title to the mining property involved; that the purpose of the injunction suit was to preserve the property pending the determination of the question of the ownership of it, and that the covenant in the undertaking has not been broken, because the circuit court has never finally deter-

mined this question adversely to the defendant corporation; and therefore that it was not entitled to have the injunction issued.   They argue that, if the judgment is sustained, and hereafter, upon a termination of the suit at law in the circuit court, it be finally adjudged that the defendant corporation is the owner of the property, it will be demonstrated that they have been compelled to pay damages for which they should not in any event be held liable; therefore the suit cannot be maintained until the suit at law is finally determined adversely to the defendant corporation.   To sustain this contention they cite *Palmer* v. *Foley*, 71 N. Y. 106; *Clark* v. *Clayton*, 61 Cal. 634; *Dougherty* v. *Dore*, 63 Cal. 170; *Creek* v. *McManus*, 13 Mont. 152, 32 Pac. 675; *Miles* v. *Edwards*, 6 Mont. 180, 9 Pac. 814; *Bein* v. *Heath*, 12 How. (U. S.) 168; High on Injunctions, Secs. 1640, 1656; *Jones* v. *Ross*, 48 Kan. 474, 29 Pac. 680; *Brown* v. *Galena M. & Smelting Co.*, 32 Kan. 528, 4 Pac. 1016; and *Stewart* v. *Miller*, 1 Mont. 301. Attention is also called to the procedure in the United States courts, under which legal and equitable relief cannot be had in the same action, but parties desiring extraordinary equitable relief in aid of an action at law must bring separate suits for that purpose, addressed to the equity side of the court. That this is so, however, they say, in no wise changes the rule that the main controversy must be finally determined before a suit can be maintained upon the undertaking.   Conceding the law to be as they claim, this position is not tenable, under the pleadings in this case, for the reason that the affirmative matter set up in the answer falls far short of showing a case in which the rule can apply.   It is alleged in the answer that a suit was pending in the circuit court involving the title to the property in controversy, and that it is still pending; but there is no suggestion that the plaintiffs in this case, or any of them, are in any wise interested in the event of it, or that they are parties to it.   It is not even averred that any of the defendants are interested in it as parties or otherwise.   It is alleged in the complaint, and not denied in the answer, that the injunction suit has been finally determined.   No matter what

may be the condition of things with reference to the title and the litigation over it, nothing is stated in this regard in this case to show why this action should not proceed. The same may be said as to the action now pending in this Court on appeal. Nothing is alleged in the answer touching this to show that the defendants are interested in it. And, if there were, it would not aid the defendants, because the plaintiffs are actors therein.

2. The defendants argue, also, that the judgment was improperly granted, because it was discretionary with the circuit court to allow a suit to be brought upon an undertaking entered into under an order made by it, and that, as no order was made allowing this suit to be brought in the state court, it is premature. In other words, the plaintiffs may not invoke the jurisdiction of the state court, or proceed at law upon the undertaking, until they are authorized by an order of the federal court to do so.

It was held in this case by this Court (19 Mont. 313, 48 Pac. 305) that the state court has jurisdiction; conceding, for the sake of argument, that the federal court could award or refuse damages in finally disposing of the injunction proceeding. That court made a final disposition of the case by entering a judgment of dismissal, and awarding costs against the plaintiff therein. This was tantamount to a direction to the defendants to go for relief to the tribunal of their choice.

Judgment on the pleadings is proper where the complaint is sufficient, and none of its material allegations are denied, and no affirmative matter alleged to defeat the action. (*City and County of San Francisco* v. *Staude*, 92 Cal. 560, 28 Pac. 778; *Power* v. *Gum*, 6 Mont. 5, 9 Pac. 575.)

The district court heard proof to determine the amount of damages. This was not necessary. (Sections 754, 1020, Code of Civil Procedure.)

Let the judgment be affirmed.

*Affirmed.*