ALFRED H. BURT and JOSEPH J. SINDELE, Plaintiffs, *v.* WILLIAM W. SMITH, Defendant.

*Malicious prosecution of an action for an injunction — the granting of an injunction* pendente lite *is not sufficient evidence of probable cause to defeat the action.*

William W. Smith, who manufactured cough drops under the name of Smith Brothers and used in his business a registered trade mark consisting of the letters S. B., brought an action in the United States Circuit Court against the firm of Burt & Sindele, rival manufacturers of cough drops, to enjoin them from using the letters B. & S., the initials of their firm name, upon their goods. The court, upon notice, granted a preliminary injunction. The order directing that the injunction should issue stated no ground for granting such order and the injunction simply recited that it had been represented to the court that Smith Brothers had a registered trade mark consisting of the letters S. B. and that the defendants had infringed this trade mark by using the letters B. & S. in their business. Following these recitals was a provision that the defendants should be enjoined until the further order, judgment and decree of the court from using the letters B. & S. in their business. The order granting the injunction was reversed on the merits by the United States Circuit Court of Appeals and the injunction vacated.

The complaint in the action was subsequently dismissed upon the merits, and Burt & Sindele thereupon brought an action against Smith to recover damages for the malicious prosecution of the former action.

*Held,* that the granting of the preliminary injunction in the trade mark action did not constitute sufficient evidence of the existence of probable cause for the maintenance of that action to defeat the action for malicious prosecution.

SPRING, J., dissented.

MOTION by the plaintiffs, Alfred H. Burt and another, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance upon the dismissal of the complaint by direction of the court after a trial at the Erie Trial Term.

The issues of fact were brought to trial at a Trial Term held in June, 1901, in Erie county. At the close of plaintiffs'. evidence defendant's counsel moved for a nonsuit upon the ground that plaintiffs had failed to establish a cause of action, which was granted.

*Norris Morey* and *Clarence M. Bushnell,* for the plaintiffs.

*Milton A. Fowler, James L. Quackenbush* and *George P. Keating,* for the defendant.

WILLIAMS, J. :

Plaintiffs' exceptions should be sustained and the motion for a new trial granted, with costs to the plaintiffs to abide event.

The action is for malicious prosecution, in having brought and prosecuted an action in the United States Circuit Court for the purpose of enjoining the plaintiffs herein from using the initials of their firm name, *B. & S.*, upon cough drops and the packages manufactured, put up and sold by them, on the ground that those letters were an infringement on the trade mark of this defendant, used in connection with cough drops manufactured, put up and sold by him, wherein he used the letters *S. B.*, and to recover damages for such infringement.

That action was commenced in January, 1895, and thereafter a motion was made for a preliminary injunction upon notice. Upon the pleadings and affidavits presented on both sides, and after hearing argument, the court, April 8, 1895, made an order directing the injunction to issue. It was issued April 15, 1895, and was served April 16, 1895. An appeal was taken from such order to the United States Circuit Court of Appeals, and errors assigned April 30, 1895, and on the 21st of January, 1896, the order appealed from was reversed upon the merits and the injunction vacated. And at Albany Trial Term of the United States Circuit Court, at which the action was noticed for trial, on the 3d day of February, 1896, upon complainant's default, the complaint was dismissed upon the merits, with costs. No undertaking was given upon the obtaining of the injunction.

The nonsuit in the present action was ordered upon the ground that the granting of the preliminary injunction by the Circuit Court of the United States (there being no evidence of fraud, conspiracy or other improper means having been used to obtain the same) was sufficient evidence of probable cause, although reversed upon appeal, and though the complaint was subsequently dismissed upon the merits, to defeat this action for malicious prosecution.

We cannot agree to the correctness of this decision. We, of course, assent to the correctness of the decision of the Supreme Court of the United States in *Crescent Live Stock Co.* v. *Butchers' Union* (120 U. S. 141), that a final decision of the Circuit Court of the United States is sufficient evidence of probable cause for the prose-

cution of the suit to defeat an action for malicious prosecution in bringing and prosecuting such action notwithstanding the reversal of such decree on appeal by the Supreme Court of the United States, unless it be shown to have been obtained by fraud, conspiracy or other improper means. That decision, however, had reference to a final decree made after a full trial of the action upon the merits; and we think the same force and effect should not be given to an intermediate order for a preliminary injunction. In the one case the decision by the court is made with a view of finally settling, and it does settle, the whole controversy between the parties, subject to reversal in the event of an appeal. In the other case the decision is not made with any view of fully determining the rights of the parties, but merely of preserving such rights as may be finally adjudged during the pendency of the action, until the court can settle them upon a full trial and hearing of the whole controversy.

In the present case no ground was stated for granting the order that an injunction issue in the order itself, and the injunction recited not that the facts *were* or were decided to *be* as stated therein, but merely that it had *been represented* to the court that Smith Brothers had a trade mark registered in the patent office of which Smith was the owner and having the letters S. B. thereon which he used in his business, and that Burt & Sindele had infringed this trade mark by using the letters B. & S. in their business. *Therefore*, the said Burt & Sindele were enjoined, *until* the *further order*, *judgment* and *decree* of the court, from using the letters B. & S. in its business.

We are unable to see how, by this order or this injunction, it can be said the court adjudged or determined *any* rights of the parties, *any* questions of fact or of law, which were material to establish the cause of action alleged in the complaint, anything which tended to show probable cause for the bringing of the action. The order and the injunction were evidently based upon the theory that the rights of the parties were in *controversy* and in *doubt*, and Burt & Sindele should, therefore, discontinue the use of the letters B. & S. until it should be determined by the court, after a trial upon the merits, what the rights of the parties were, or until the court should otherwise direct.

The trial court in this action was of the opinion that the same force and effect should be given to this order and injunction as would be given to a final decree in the case, and upon this view of the law the nonsuit was granted.

We think this was error. There are no authorities upon this precise question in this State or the United States Supreme Court, but the right to recover damages resulting from the issue of an injunction, in an action for malicious prosecution, in a proper case, that is, where the injunction is procured maliciously and without probable cause, is recognized by both the courts of this State and the Supreme Court of the United States. (*Lawton* v. *Green*, 5 Hun, 157, 161; 64 N. Y. 326, 331; *Palmer* v. *Foley*, 71 id. 106, 108; *Mark* v. *Hyatt*, 135 id. 306, 310; *Russell* v. *Farley*, 105 U. S. 433, 438; *Meyers* v. *Block*, 120 id. 206, 211.)

Such recovery could not well be had if the mere issue of the injunction was sufficient proof of probable cause to defeat the action.

Having arrived at the conclusion that the trial court was in error in disposing of this case upon the ground stated by it, we do not feel called upon to go into a careful consideration of the evidence to determine whether there was probable cause for the prosecution of the injunction action in the Circuit Court of the United States. That question should be submitted to a jury upon all the evidence and the trial court should pass upon it in the first instance, if it is a question of law.

*We* are inclined to regard the question in this case as one of fact for the jury, to be disposed of by them upon all the evidence, under instructions by the court as to the well-settled rules of law as to what constitutes probable cause.

We conclude, therefore, that the exceptions of the plaintiffs should be sustained and a new trial granted, with costs to the appellants to abide event.

All concur, except SPRING, J., dissenting in memorandum.

SPRING, J. (dissenting):

The pith of the plaintiffs' grievance is the granting of the preliminary injunction order by Judge COXE.

That order was made upon notice, upon affidavits and after a

hearing on the merits. Judge COXE had jurisdiction of the subject-matter and of the parties. His determination is embodied in the order out of which the plaintiffs' alleged damages arose. The decision was as effective an adjudication until reversed as if made upon the trial of the issues.

The fact that there was a subsequent reversal by the United States Circuit Court of Appeals does not render the present defendant amenable to an action for malicious prosecution. (*Crescent Live Stock Co.* v. *Butchers' Union*, 120 U. S. 141.)

I think the granting of the order is conclusive evidence of probable cause.

The plaintiffs' exceptions should be overruled and judgment ordered for the defendant on the merits, with the costs of this appeal.

Plaintiffs' exceptions sustained and motion for new trial granted, with costs to the plaintiffs to abide event.