[Civ. No. 6367. First Appellate District, Division Two.—July 27, 1928.]

LEON C. FRANCIS, Respondent, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND (a Corporation), Appellant.

James H. Boyer for Appellant.

John L. McVey for Respondent.

STURTEVANT, J.—An action in equity was commenced entitled *The Knights of the Ku Klux Klan (a Corporation)* v. *Leon C. Francis et al.* A temporary restraining order was taken out. To obtain the restraining order, the plaintiff gave an undertaking in the sum of $500, which was executed and delivered by this defendant. Later the action was dismissed and one of the defendants in that action commenced this action to recover $500 alleged to be his damages. The action last mentioned was tried before the court sitting without a jury. The court made findings in favor of the plaintiff and from a judgment entered thereon the defendant has appealed and has brought up a bill of exceptions.

It is conceded that in the injunction action attorneys appeared for the defendants and obtained the above-mentioned judgment of dismissal; that they were paid $500; and that the payment was a reasonable sum for the services so performed. While the foregoing facts are admitted, some others are attacked under the claim that the findings are not supported by the evidence. The findings were general. It is necessary, therefore, to set forth at least parts of the pleadings. The plaintiff alleged, among other things: "That the plaintiff herein, upon being served with the said temporary restraining order and order to show cause aforesaid, was compelled to employ, and did employ, Frank W. Hooper and John L. McVey, attorneys at law, duly licensed and entitled to practice as such in all the courts of the State of California, to appear for and represent him upon the hearing of said temporary restraining order and order to show cause, and said attorneys did appear for and represent the said plaintiff herein in the matter of said temporary restraining order and order to show cause at

the time and place set forth in said temporary restraining order and order to show cause; . . . That the plaintiff herein was compelled to, and did, pay to said Frank W. Hooper for his services aforesaid the sum of $250.00, and was compelled to, and did, pay to said John L. McVey for his services aforesaid the sum of $250.00, and the said sum of $500.00 was and is the reasonable value of the services of said attorneys as aforesaid.''

The defendant contends that the allegation as to who employed the attorneys is not sustained by the evidence. We think the contention is not well founded. The plaintiff testified that he employed the attorneys, and Mr. Hooper, who was one of the attorneys, testified that they were employed by the plaintiff. No other witnesses were called. The mere fact that the attorneys gratuitously represented all of the other defendants does not rebut the direct evidence which we have cited.

The defendant makes the additional point that the plaintiff did not pay the attorneys. That contention rests on the following facts: The attorneys were paid by being handed a check. It was delivered into the hands of Mr. Hooper, one of the attorneys, by the plaintiff. It was a check drawn by ''East Bay Club of Alameda County'' and was countersigned by ''Leon C. Francis, President and J. J. Coons, Secretary.'' The check was made payable to Frank W. Hooper. The witness Leon C. Francis testified that the check was loaned to him. The defendant asserts that was the conclusion of the witness. However, he did not make that objection during the trial, but cross-examined the witness on the subject. It is certain the money represented by the check was the property of the East Bay Club. The record is wholly silent as to that body making any gift of the money to anyone. We may not indulge in any presumption to that effect. When thereafter the trial court made a finding that all of the allegations of the complaint were true, that finding was in effect a finding ''That *the plaintiff* herein was compelled to and did pay to said Frank W. Hooper for his services aforesaid etc.'' The finding so made is supported by the evidence. As we understand the defendant it contends that the East Bay Club of Alameda was voluntarily standing back of the

defendants in the injunction case without any agreement to be reimbursed for moneys advanced. But, if such was the fact, the record before the trial court and which has been brought up does not show any such donative agreement on the part of the East Bay Club. We may not presume that the club acted as a volunteer or was making a gift. (*Provident etc. Assn.* v. *Davis,* 143 Cal. 253, 256 [76 Pac. 1034].)

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 24, 1928.

All the Justices present concurred.