BUNSTON, Respondent, *v.* LABBITT et al., Appellants.

(No. 6,442.)

(Submitted April 3, 1929. Decided May 3, 1929.)

[277 Pac. 419.]

586

*Mr. Franklin D. Tanner* and *Mr. E. G. Toomey,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Guinn & Maddox,* for Respondent, submitted brief; *Mr. C. C. Guinn* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Defendants have appealed from a judgment in favor of plaintiff and against them jointly for the sum of $200 and costs, entered in an action brought on an undertaking required as a condition precedent to the issuance of that certain restraining order considered and required to be dissolved in *Labbitt* v. *Bunston,* 80 Mont. 293, 260 Pac. 727.

The complaint alleges the issuance of the order and giving of the bond, an attempted modification of the original order made on motion to dissolve, and the steps taken leading up to the final dissolution of the injunction, and alleges the necessary expenditure of $500 in court costs and attorney's fees in securing the dissolution. The undertaking is made a part of the complaint. After reciting the issuance of the restraining order, at the instance of defendant Labbitt, and the requirement of the bond by the court, the undertaking provides: "Now, therefore, L. H. Labbitt, as principal, and C. S. Eder and W. J. Brekke * * * as sureties * * * do hereby undertake in the sum of * * * $200 * * * and promise to the effect that we will protect and save harmless, to the extent of such bond, the defendant herein from any and all

loss or damage that he may sustain by reason of the granting of such temporary restraining order, should the plaintiff be not lawfully entitled thereto.''

Defendants interposed a general demurrer to the complaint, which was overruled, and thereupon answered admitting all the allegations of the complaint, except as to damage and defendants' obligation under the bond, and differed with plaintiff as to the legal effect of the action of the district court on hearing on motion to dissolve the restraining order. On the issues as thus framed, the parties waived a jury and proceeded to trial before the court.

At the outset, defendants objected to the introduction of any evidence, upon the ground that the complaint fails to state a cause of action and that it shows upon its face that it was prematurely brought. The objection was overruled, and evidence introduced by both plaintiff and defendant. At the close of plaintiff's case, defendants moved for a judgment of nonsuit, which motion was overruled. On final submission, the court entered judgment in favor of plaintiff. Defendants have appealed from the judgment, assigning error upon the overruling of their demurrer, their objection to the introduction of testimony, their motion for nonsuit, and upon the entry of the judgment.

1. The first attack upon the complaint, by demurrer and by ██ objection to the introduction of testimony, is that the action was prematurely brought, in that it does not allege that the action in which the restraining order was issued has been finally determined.

It is generally held that an action does not accrue on an injunction bond until the action in which the injunction is issued is finally determined. (32 C. J. 447, 448; High on Injunction, sec. 1649.) But the availability of such a defect in the complaint depends upon whether or not the defendants in the action on the bond pursue the proper course in bringing the defect to the attention of the court. The objection that an action is prematurely brought may be raised by demurrer

or plea, according to whether the fact appears or does not appear on the face of the complaint. (1 R. C. L. 340, and cases cited.) As the complaint does not disclose upon its face that the action referred to has not been finally determined, the defense that the action was prematurely brought should have been made by plea in abatement. (*Murray* v. *City of Butte*, 51 Mont. 258, 151 Pac. 1051; *Montana Mining Co.* v. *St. Louis M. & M. Co.*, 23 Mont. 311, 58 Pac. 870.)

In Massachusetts, it has been held that the objection may be taken by general denial (*Freeman* v. *Hedrington*, 204 Mass. 238, 17 Ann. Cas. 741, 90 N. E. 519), but even the adoption of this rule would not aid defendants, as they did not enter a general denial, and such denials as are made in the answer do not raise the issue.

Nor does defendants' motion for nonsuit entitle defendants to have this question passed upon. By failing to raise the question by plea in abatement they waived the objection, and, even if, during the trial, it was made to appear that the injunction suit had not been tried on its merits, the fact could avail them nothing, as no issue was tendered thereon. (*Lacey* v. *Davis*, 126 Iowa, 675, 102 N. W. 535.) Further it appears from the record that the reason for dissolving the restraining order was that it was issued in no action then pending and it cannot well be said that the action in which it was issued is still undetermined.

2. It is next asserted that the complaint is fatally defective in that it does not allege that the order was issued wrongfully or without sufficient cause, citing *Olds* v. *Cary*, 13 Or. 362, 10 Pac. 786. This seems to be the only case tending to hold that a complaint in an action on an injunction bond should allege that the injunction was sued out wrongfully or without sufficient cause, rather than alleging the facts from which such conclusion might be reached. It is the only case cited in the Encyclopedia of Pleading and Practice to support the text to that effect. (10 Ency. Plead. & Prac. 1128.) But even in the Oregon case no effect was

given to the alleged defect; the writer of the opinion saying: "The objection was evidently good upon demurrer, though I do not think that the complaint was fatally defective." And again: "The defect was in the statement, and not in the cause of action, and could therefore be waived by going to trial upon the merits."

On the other hand, it has been held that it is not necessary to allege that a restraining order was wrongfully sued out, if facts are alleged from which it may be inferred that such was the case (*Williams* v. *Ballinger,* 125 Iowa, 410, 101 N. W. 139), or by which a breach of the condition of the bond is shown (*Le Strange* v. *State,* 58 Md. 26), and, "when the bond is conditioned to pay such damages as are sustained by the injunction, if it shall be finally decided that it ought not to have been granted, an averment in an action upon the bond that it was determined by the court that the bill did not contain a statement of facts sufficient to justify the injunction and that the same was then and there dissolved, has been held a sufficient averment to maintain the action." (2 High on Injunction, 4th ed., 1602.)

The liability on the bond is measured by the contract of the parties—the condition of the bond. (*Foster* v. *Royal Indemnity Co.,* 83 Mont. 170, 271 Pac. 609.) The condition of the bond in suit is that the bondsmen will pay "should the plaintiff be not lawfully entitled" to the restraining order granted.

In *Labbitt* v. *Bunston* above, this court ordered the dissolu- tion of the injunction; such an order is a final determination that the injunction should not have been granted (*Bennett* v. *Pardini,* 63 Cal. 154), and is conclusive that it was wrongfully sued out. (*Yale* v. *Baum,* 70 Miss. 225, 11 South, 879. See, also, *Foster* v. *Royal Indemnity Co.,* above.)

The facts alleged in the complaint are sufficient to constitute a cause of action on the bond.

3. It is next contended that "the bond given does not cover plaintiff's claim, and defendants cannot be made liable

beyond the words thereof.'' Under this head, counsel for defendants argue that the bond in question was given only to protect against the temporary restraining order pending a hearing on order to show cause why an injunction *pendente lite* should not be issued, and that, instead of waiting until the day set for such hearing, defendant moved the dissolution of the restraining order, which motion was speedily heard, and, on the hearing, the court, in effect, granted an injunction *pendente lite,* without requiring a bond thereon, but that, notwithstanding this fact, defendants' undertaking became *functus officio* on the issuance of the injunction *pendente lite;* they call the court's attention to the fact that, in *Labbitt* v. *Bunston,* above, we said that the action of the court was tantamount to the action outlined. What, in fact, was done was to deny the motion to quash the temporary restraining order, but, deeming its terms ''too broad,'' modify the order slightly to the advantage of the bondsmen. On reading the original order and the so-called modification, it is clear that, except for permitting defendant to cut certain hay for the benefit of whomsoever might finally be found entitled thereto, no change was actually made in the restraining order; all that could be done under it as originally granted could be done under the modification entered in the court's minutes of September 24, 1927, or five days after the order was first made.

The undertaking recites that the restraining order was issued on September 19, and at the same time an order to show cause why an injunction *pendente lite* should not be granted was made, returnable October 6, 1927; the condition of the bond is that these defendants would save the defendant harmless to the extent of the bond, or $200, in the interim.

As pointed out in *Labbitt* v. *Bunston,* above, this so-called restraining order did not purport to maintain the status quo but restrained defendant while permitting the plaintiff to proceed to harvest and market the crops in controversy, and, had defendant awaited the hearing on the order to show cause, this might all have been done before the court took any fur-

594

ther action in the matter. Counsel for defendants assert that, had Bunston been content to await the hearing, damages on motion to quash would have been eliminated. But in such a case the defendant is not bound to incur risks such as those mentioned above, and, if he adopts such a course as experienced and prudent persons under similar circumstances would regard proper, he is not responsible if another course would have been equally safe and would have reduced the damages, but may recover such damages as he suffered by reason of the course adopted (*Roberts* v. *White,* 73 N. Y. 375), and, had he been successful in his attempt to have the temporary restraining order dissolved, as this court later held he should have been, he would have been entitled to recover from the defendants his costs and attorney's fees in that proceeding. (*Foster* v. *Royal Indemnity Co.,* above; *Francis* v. *Fidelity & Deposit Co.* (Cal. App. 1928, 269 Pac. 571).

The trial court, however, continued the restraining order in force without further provision concerning the bond, and defendant was forced to appeal from the order refusing to dissolve. It has been held, and we think properly held, that, where a temporary injunction is dissolved, but continued in force pending an appeal from the order dissolving it, the bond given on granting the order is liable for damages suffered during the time elapsing between the making of the order and the hearing on appeal. (*Bass* v. *City of Clifton* [Tex. Civ. App. 1927], 297 S. W. 872.) We see no difference, in principle, in this situation and where the court refuses to dissolve, continues the order in force, and the defendant appeals. While the effect, so far as defendant was concerned, of the order of September 24, was to enjoin defendant pending the litigation, no new injunctive order was made; the court merely attempted to modify an order supposed to be in force, but thereby in nowise increased the burden of the sureties, and, on appeal, we but considered the order of September 19, 1927, as modified on September 19 and 24.

In *Labbitt* v. *Bunston,* above, the plaintiff was seeking only to enjoin the defendant; he secured the temporary restraining order, and the only proceedings had were for the dissolution of that order. Such being the case, the costs and attorney's fees shown are recoverable in this action on the bond. (*Parker* v. *Bond,* 5 Mont. 1, 1 Pac. 209; *Creek* v. *McManus,* 13 Mont. 152, 32 Pac. 675; *McDermott* v. *American Bonding Co.,* 56 Mont. 1, 179 Pac. 828; *Foster* v. *Royal Indemnity Co.,* above.)

4. Defendants, however, contend that, under the order in question, this plaintiff was only restrained from doing that which he had no legal right to do, and cite authorities to the effect that, under such circumstances, although the injunction is dissolved, damages may not be recovered.

By reference, the testimony taken in the case of *Labbitt* v. *Bunston,* cause No. 6441, ante, p. 579, 277 Pac. 805), was made a part of the record in this case. Therein the plaintiff did not show that the defendant, plaintiff here, acted wrongfully in taking possession of and harvesting the beet crop in question; but, on the contrary, it appears that this plaintiff was the landlord of a defaulting tenant who had surrendered the crop to him, while the plaintiff there did not show that, as mortgagee of the crop, he could have properly cared for and harvested the same had he rightfully secured possession thereof. The record does not show that plaintiff was not acting within his rights at the time he was restrained from caring for the crop (*First Nat. Bank of Columbus* v. *Coit,* 79 Mont. 468, 257 Pac. 469), and therefore was entitled to maintain his action on the bond.

5. It is next contended that the restraint by the temporary restraining order operated for but seven hours or less, and created no right of action. The limit placed on the term of the restraining order is arrived at by assuming that on motion for dissolution the court issued an injunction *pendente lite* and thus rendered the restraining order *functus officio.* All that the court did on September 19, 1927, was to modify the re-

straining order to the extent of permitting this plaintiff to continue cutting certain hay, title to which was in dispute, and, as stated above, this action did not affect the operation of the restraining order beyond that date. Authorities cited to the effect that, where there was no restraint, no action will lie on the bond, are not in point.

6. Finally it is asserted that, since the restraining order was absolutely void, there can be no recovery, as the damages flow, not from the void order, but from the needless act of the party restrained, citing cases, and that this plaintiff, as a lawyer, should have known that the order was void and disregarded it.

Of the cases cited, the first, *Joslyn* v. *Dickerson,* 71 Ill. 25, is against, rather than in favor of, the defendants, as the court there held that the injunction was originally issued without jurisdiction, but that "the complainant had, by his improper attempt to enjoin the judgment, made it necessary for the defendants to employ counsel, and it is proper that he should be required to pay the expense so incurred."

In *Montgomery* v. *Houston's Heirs,* 4 J. J. Marsh. (Ky.) 488, 20 Am. Dec. 223, it was held that an injunction, issued by an individual after "it had been repeatedly decided" by the supreme court that he was not a judge of the court out of which he attempted to issue the injunction, was so manifestly void that it should have been disregarded rather than dissolved by court proceeding, and that therefore the cost of the proceeding could not be recovered.

The remaining case cited, *Mark* v. *Hyatt,* 135 N. Y. 306, 18 L. R. A. 275, 31 N. E. 1099, was an action for damages and not on a bond, and is not applicable here. In the footnote to this case in 18 L. R. A. 275, cases holding that damages may be recovered in an action on a bond given on a void injunction are cited.

In *State ex rel. Coad* v. *Judge of Ninth Judicial District Court,* 23 Mont. 171, 57 Pac. 1095, referring to the writ of mandate, it is said that it is the duty of the person to whom

the writ is directed "to obey the writ, at all hazards, until the judgment awarding it could be reviewed and annulled on appeal."

We are of the opinion that, under the circumstances of this case, the plaintiff here took the only safe course in moving to dissolve the injunction, and is entitled to his reasonable costs and attorney's fees incurred therein.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN concur.