LABBITT, Appellant, *v.* BUNSTON, Respondent.

(No. 6,441.)

(Submitted April 3, 1929. Decided May 3, 1929.)

[277 Pac. 805.]

580

*Mr. Franklin D. Tanner* and *Mr. E. G. Toomey,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Guinn & Maddox,* for Respondent, submitted a brief; *Mr. C. C. Guinn* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Appeal from a judgment in favor of defendant entered in an action in conversion. The subject matter of the action was approximately 175 tons of sugar beets raised in 1927 by one Hoffman on land leased from defendant and on which plaintiff held a chattel mortgage duly filed in the office of the clerk of Big Horn county.

In September, 1927, Hoffman notified both plaintiff and defendant that he could not go on under the lease. Each party attempted to take possession of and harvest the crop and the plaintiff foreclosed his mortgage on all of Hoffman's stock and farm machinery and had the same sold by the sheriff, including the beets in the ground. Owing to the objection of defendant to a sale on his land, the sale was had on a ranch a mile distant; plaintiff became the purchaser of the beets in the ground for the sum of $100.

The relations between plaintiff and defendant, theretofore friendly, became strained and on September 17 plaintiff se-

cured an order restraining defendant from interfering with his operations in harvesting the beets and placed one Peterson in possession for that purpose. Defendant moved to "dissolve the injunction," which motion was overruled, and he then secured from this court an order staying the injunction until an appeal from the order refusing to dissolve could be heard, on furnishing a bond for $2,000; he then went into possession and commenced harvesting the beets.

Argument on the appeal was heard October 13, 1927, and at the close thereof, for the purpose of determining whether an immediate decision was necessary, the Chief Justice made inquiry as to whether or not the beets were being harvested and whether or not an arrangement could be made under which the work could be done; it was then agreed that defendant should proceed with the work. This he did, delivering all of the beets at the dump of the Holly Sugar Corporation, purchaser under contract with Hoffman, and directing the purchaser to deliver its check therefor to the clerk of the court to await final determination of the rights of the parties. A check for $1,315.05 was deposited with the clerk.

Under the terms of the lease Hoffman was to deliver onefifth of the beets free of charge at the dump to the lessor, the defendant. The harvesting and marketing of the beets was concluded on November 5, 1927; this action was commenced on the 13th.

Plaintiff's position is that he became sole owner of the beets by virtue of his purchase at foreclosure sale and that defendant exercised dominion and control over the beets by taking possession and harvesting them. The complaint was answered by a general denial, a jury was waived and the cause tried to the court. On the evidence adduced, the court found, among other things, that defendant had no actual notice of plaintiff's mortgage and that plaintiff had knowledge of the terms of the lease at the time he took the mortgage; that Hoffman surrendered and delivered possession of the beet crop to defendant in September, and that plaintiff's "pretended sale"

of the crop on foreclosure of the mortgage was ineffectual as against defendant; that defendant was entitled to harvest and market the crop for the benefit of all parties and the charges made therefor were reasonable. These charges amounted to $582.02. The court found that defendant's one-fifth of the crop sold for $263.01 and that he was entitled to this amount, plus the cost, or $845.03, of the amount on deposit in court and plaintiff was entitled to the balance, or $470.02.

As its conclusion of law based upon its findings of fact the court declared that "there was no conversion of the beets in question by the defendant," and entered judgment for plaintiff for $470.02, and for defendant for $845.03 and his costs of suit, amounting to $28.92. Plaintiff has appealed from the judgment and assigns error upon the court's findings of fact and conclusion of law set out above, upon the "computation of values," damages and shares of crop, and the entry of judgment.

We have read and considered the record and briefs submitted and agree with the propositions of law laid down by counsel for plaintiff, but learned counsel are in the unfortunate position of being required to upset the findings of the court before these rules can be applied. If these findings are supported by substantial evidence, every question raised has already been determined in this jurisdiction adversely to plaintiff by the opinion rendered in *First National Bank of Columbus* v. *Coit*, 79 Mont. 468, 257 Pac. 469, and the rule is too well settled to require the citation of authorities that findings made on conflicting testimony will not be disturbed. However, for the reasons hereinafter stated, we feel that it is not necessary to analyze the testimony contained in the record.

Counsel for defendant urge that their client proceeded upon the authority or sanction of this court by reason of the fact that the order restraining him from proceeding was reversed and the trial court ordered to dissolve the injunction. This statement is not justified, as the opinion in *Labbitt* v. *Bunston*, 80 Mont. 293, 260 Pac. 727, does not pass upon the merits of

the controversy between the parties, but merely holds that the district court was without jurisdiction to issue a restraining order prior to the filing of the complaint on which the court purported to ground its order. However, the record does show that defendant proceeded under agreement between the parties in interest and harvested and marketed the crop for the benefit of whoever was ultimately found to be entitled to the proceeds and had those proceeds deposited in court to await the final determination of the matter.

The exercise of dominion over the property of another in exclusion or in defiance of the rights of the owner constitutes conversion of the property (*Interstate National Bank* v. *McCormick,* 67 Mont. 80, 34 A. L. R. 721, 214 Pac. 949.) If plaintiff's position that, from and after the date of the alleged sale, he was entitled to the immediate possession of the crop of beets in the ground was established, the act of the defendant in taking possession on or about September 24 would constitute a technical conversion of the crop, but the allegation of the complaint is that the conversion was accomplished between October 13 and November 5, i. e., after the agreement that defendant should proceed to harvest and market the crop. Such a taking was not in defiance of plaintiff's rights,—a phrase which carries irresistibly the idea of a taking against the will and consent of the alleged owner,—but by consent and for the purpose, not of converting the property to the use of the taker or another, but for preserving it for the true owner when the rights of the parties should be determined. Under the situation shown here, the defendant was not in the position of a trespasser, but, as the owner of the land entitled to his crop rental, was entitled to protect the crop if the tenant, or his mortgagee who stands in his shoes, does not do so (*First National Bank of Columbus* v. *Coit,* above) and this protection was given the crop with the consent of the party now asserting that defendant converted it.

Regardless of other questions involved, the undisputed facts as above outlined warranted the conclusion of the court that

there was no conversion of the crop by the defendant, unless it can be said that, by fraud or waste, defendant ran the cost of his operations above the reasonable amount thereof and thus was guilty of conversion to the extent of the excess over the reasonable cost of harvesting and marketing the crop. The court, however, found that the expenditures made were the reasonable cost of defendant's operations under the circumstances. On this phase of the case there is substantial evidence to the effect that plaintiff could not have had the crop harvested in the manner and by the means proposed; that if he had been permitted to go on under his program the beets would have been in the ground at the time of the trial. It was shown that Hoffman irrigated the beets but once and as a consequence the ground was "as hard as a brick" and therefore greatly increased the labor and expense of harvesting. Expert testimony was introduced as to the reasonableness of the charges made for the several items of expense and the increased cost was largely due to the length of time consumed by reason of adverse conditions. All of this testimony warrants the court's findings on the subject and we cannot say, on the cold record, that the charges made by the men who did the work and paid by defendant, were unreasonable.

Under his mortgage, plaintiff was entitled to no more than Hoffman would have received, had he gone on caring for the crop and had harvested it himself, and the record does not show that Hoffman could have secured a larger return from his beet crop than plaintiff received on division by the court.

For the reasons stated, the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN concur.

Rehearing denied June 8, 1929.