FABIAN, appellant, *v.* COLLINS, respondent.

PRACTICE — *application for temporary injunction — report of referee upon facts.*
F. applied for an injunction, pending suit, to restrain C. from diverting water from a certain ditch. Under a rule of the district court, C. was ordered to show cause before a referee, who was appointed to take the testimony and report the facts. C. filed an answer, but did not offer any evidence, and moved to dissolve the temporary restraining order. The referee found that the testimony supported the material allegations of the complaint of F. No exceptions were taken to the findings, and the court dissolved the order. *Held,* that the motion of C. was irregular practice; that the facts reported by the referee had the effect of a special verdict; and that the court erred in ignoring the findings of the referee and dissolving the order.

STATUTORY CONSTRUCTION — *appointment of referee — injunction.* The two hundred and twenty-third, two hundred and twenty-fourth, two hundred and twenty-seventh and five hundred and eighty-first sections of the Civil Practice Act confer upon the district courts the power to appoint a referee to take the testimony and report the facts, upon the application of a party for a temporary injunction.

NATURE OF INJUNCTION. Under the Civil Practice Act an application for a temporary injunction is a motion for an order.

FACTS ON WHICH A TEMPORARY INJUNCTION IS GRANTED. The referee, appointed by the court in this proceeding, reported that F. is the owner and entitled to the use of the water described in the complaint; that C. has wrongfully diverted the same from F.; and that C. threatens to continue to divert said water. *Held,* that F. is entitled to an injunction pending suit.

*Appeal from Third District, Lewis and Clarke County.*

THE complaint alleged, and the referee found, that the plaintiffs were in the possession of certain water and were the prior appropriators thereof; that defendants had unlawfully diverted the same to the great damage of the plaintiffs; and that the injury threatened to be continuous. The plaintiffs applied to WADE, J., for the temporary injunction.

H. M. PORTER and WOOLFOLK & BULLARD, for appellant.

The object of the order to show cause is to present the case on its merits. *Hicks* v. *Michael,* 15 Cal. 107.

Respondents disregarded the order of the court to show cause. Appellants are clearly entitled to the injunction. Respondents

had no right to move to dissolve the restraining order. The referee found all the allegations of the complaint sustained by the evidence. The unlawful diversion of water, and threats that the diversion will be continuous, have been often held good cause for injunction. *Tuolumne W. Co.* v. *Chapman,* 8 Cal. 392; *Rupley* v. *Welch,* 23 id. 452; *Hill* v. *Smith,* 27 id. 476.

The findings of the referee are like the special verdict of a jury. Edwards on Referees, 147, 149; Civ. Pr. Act, § 227; *Brady* v. *Brown,* 20 Cal. 520; *Peck* v. *Vandenburg,* 30 id. 11. The report of the referee could only be set aside by exceptions properly saved. Edwards on Referees, 140; *Grayson* v. *Guild,* 4 Cal. 122.

The court clearly erred in basing his decision upon the comparative value of the conflicting rights of appellants and respondents. *Weaver* v. *Eureka L. Co.,* 15 Cal. 274; *Gregory* v. *Nelson,* 41 id. 279.

SHOBER & LOWRY, for respondent.

An application to a court of equity for the exercise of its prohibitory power must be sanctioned by the clearest principles of justice. Hilliard on Injunc. 11.

Clear, legal or equitable rights, free from reasonable doubt, must be shown to authorize a preliminary injunction. Hilliard on Injunc. 10.

The granting, or refusal to grant an injunction, rests in the discretion of the court. The court is sometimes required to balance the inconvenience likely to be incurred by the parties, and withhold an injunction, if one of the parties might suffer irreparable damage. Hilliard on Injunc. 22.

This case is of that character. The appellants have been indemnified by a bond executed by respondents. It requires a very strong case for an injunction, to justify the granting thereof, when such an act would cause infinitely more damage than it would remedy. *Atchison* v. *Peterson,* 1 Mon. 570.

KNOWLES, J. The plaintiffs made an application to the judge of the third judicial district, at chambers, for an injunction pending suit to restrain the defendants from diverting water from their ditch. The judge, upon the complaint of plaintiffs, granted

to them a restraining order enjoining the defendants from diverting said water until the further order of the judge, and, in accordance with the nineteenth rule of said district court, ordered the defendants to show cause before C. O. Ewing, Esq., why said injunction should not be granted, pending suit, and referred the matter to said Ewing to take the testimony and report the facts. At the hearing before the referee, the plaintiffs produced testimony to support their complaint. The defendants appeared and filed their answer to the complaint, but made no further showing. This answer was treated as an affidavit by the referee. To this no objection was made. From the evidence before him, the referee made the following report as to the facts:

That from the evidence on the part of the plaintiffs, said plaintiffs were, on the 19th day of April, 1876, and prior thereto, the owners of that certain water ditch described in said plaintiffs' complaint; that defendants diverted the water from said ditch; that, in his opinion, the material facts charged in plaintiffs' complaint are true and have been sufficiently proven before him.

The defendants, upon the filing of their answer, moved the dissolution of the restraining order, granted pending the hearing under the order to show cause. The hearing of this motion was had before the said judge and granted. This the plaintiffs assign as error. The object of this action was the procuring of a permanent injunction. It would seem that the defendants ignored the order to show cause, and made their motion as though an injunction pending suit had been granted upon the complaint alone. This certainly was not proper practice. 1 Whittaker's Pr. 477. If the defendants considered their answer a sufficient showing, then their course should have been to have objected to the findings of fact by the referee and brought the case to a hearing on their exceptions, or upon the report of the referee to resist the application of the plaintiffs for an injunction pending suit. Where an order to show cause has been made and testimony material to the issues produced, the denying of the equities of a complaint by an answer is not always sufficient. And where there is such evidence, as it appears was produced before the referee in this case, this denial is not at all sufficient.

The question of some importance presented in this case is this: What was the effect of the report of the referee upon the facts? The statute provides that a reference may be made when a question of fact other than upon the pleadings arises, upon motion or otherwise, at any stage of the action. Civ. Pr. Act, § 223. It also provides that the court or judge may appoint a referee when the parties do not agree upon one. Id., § 224. If these provisions of the statute give a judge power to make a reference in such a case as this, then we have a provision thereof which provides what the force of the report shall be: " When the reference is to report the facts, the finding reported shall have the effect of a special verdict." Id., § 227. If the power to order a reference arises from the general chancery powers vested in the court or judge, who at chambers has in certain matters the same power as a court, and the power to establish the nineteenth rule of said court arises from the provision of the statute, which provides that the supreme court and each district court shall have power to make rules and regulations for governing their practice and procedure in reference to all matters not provided for by law (Civ. Pr. Act, § 581), then I think we must refer to the former chancery practice to determine whether the course followed by the learned judge in this case was correct. For the practice, at least, should be analogous, if it does not coincide with that. Tested by its rules, the practice pursued in this case was irregular. The report of the referee should have the force of the report of a master in chancery. Under the chancery practice, this report should have come before the judge on a motion for its confirmation, and the judge could have determined whether or not it was proper to confirm the same. If it had been confirmed, the course of the judge would have been plain. The findings of fact would have been the basis of a decree or order. If not, then it should have been referred back to the referee with instructions to amend the same. No motion was made to confirm this report. No exceptions were made to it. No action was taken thereon. But it is unnecessary to show further wherein the action in this case differed from the former chancery practice, as I deem the power the judge had to order this reference and appoint the referee was derived from the provisions of the statute above referred to.

VOL. II.—65.

What was sought here was an injunction, which under our statute is nothing more than an order, and the application for an order is a motion. Civ. Pr. Act, tit. 5, ch. 3, and § 566. In determining this motion, certain facts the judge deemed it proper should be ascertained, and for this purpose ordered a reference. This was not a question of fact arising in the pleadings. In granting a temporary injunction there may be no facts that would warrant the same set forth in the pleadings. Take for instance the second and third grounds specified in the statute for a temporary injunction, and usually the facts that warrant the injunction are set forth in the affidavits. They may be set forth in affidavits altogether. In these cases there can be no doubt but that the issue of fact does not arise upon the pleadings, but upon the motion. The affidavits are made in support of the motion. It would be singular if the framers of such a code as ours should have intended that upon the second and third grounds for an injunction the issue of fact should arise upon a motion, but that on the first ground it should arise upon the pleadings. The truth is that in many cases there may be no issue of fact presented, when the application for an injunction is heard upon the pleadings. When the application in this case was made, no issue of fact was presented upon the pleadings. And the reference could just as well have been heard if no issue of fact in the pleadings had been presented up to its close. A temporary injunction, such as is provided for by the Code, is no part of the final relief to which a plaintiff is entitled. This relief is asked in the application or motion for the temporary injunction. I consider that a complaint which is used on the application for a temporary injunction is used merely in support of the motion, and for this purpose is in the nature of an affidavit, as the answer is usually considered in opposing the motion. The injunction provided · for under the Code is a provisional remedy, that is, a remedy for the present need, a temporary relief as contra-distinguished from the final relief sought by the action. It is not the subject of an action, but in aid generally of the final relief asked in an action. Hence, there must always be an action commenced before an injunction issued under the provisions of the Code would have any force. For the purpose of showing the pendency of an action, the com-

plaint would always be a necessary part of the evidence in support of the motion. Again, the facts found on an application for a temporary injunction are conclusive upon no issue in the pleadings, but upon the motion only. For these reasons, I think there can be no doubt that the issue of fact that arises in this case was upon the motion and not upon the pleadings, and that the power to make the reference in this case came from the provisions of the Code, and hence the report of a referee has the force of a special verdict. A court or judge has no right to ignore a special verdict. It may be set aside for legal reasons. Was the report of the referee set aside? There was no motion to set it aside. The judge based his ruling upon other grounds than those appearing in the report, namely: That it does not satisfactorily appear that the mining ground of plaintiffs was not worked out, nor that they own other claims that can be mined with this water; that plaintiffs have failed to show that their mines will pay to work; and lastly, that it would be a greater damage for the defendants to be deprived of this water, than for the plaintiffs to be deprived of the same. Such considerations as these should have no weight against the report of the referee, and cannot be considered as setting it aside. If the plaintiffs are the owners of the water in dispute, they have a right to use it on mines mostly worked out, or prospect for more mines, or hold the same to sell to other parties, even to these defendants. Certainly the burden of proof should not be put upon the plaintiffs to show that their mines were not worked out, or that they did have other mines. It was not necessary for the plaintiffs to show that their mines would pay to work, to entitle them to use their own water. They have the right to try and make them pay. And lastly, the rule that would allow one man to take the water of another, because he can make more money out of it, would render insecure all water rights, in fact, the tenure of property generally. *Weaver* v. *Eureka L. Co.*, 15 Cal. 271.

The judge, confronted with the report of the referee, was bound to base his order upon it, as long as it remained in force. With such a report there was no judicial discretion left to him but to grant the motion for the temporary injunction. To hold otherwise would be resting the right to an injunction, pending suit, upon the caprice, and not the legal discretion of the judge. It

was error in the judge to practically ignore the order of reference he had made, and the report of the referee. The hearing should have come up before the judge on an application for an injunction pending suit on the report of the referee. If the report was insufficient to warrant the order, then it should be denied. If defective, the case should be referred back, with directions to the referee to amend his report. Whether the reference was made under the power conferred upon the judge by the statute, or under the general chancery powers of the judge or court, the judge had no right to entertain the motion of the defendants. The application was on the part of the plaintiffs, and they had a right to a hearing upon their own motion. For these reasons we hold that the judge erred.

The order made in this case at the instance of the defendants is set aside and revoked, and the cause remanded for further proceedings.

*Exceptions sustained.*