# CITY OF BOZEMAN, RESPONDENT, *v.* CADWELL, APPELLANT.

### [Submitted October 17, 1893. Decided June 18, 1894.]

CONSTITUTIONAL LAW—*Equal privileges—License tax.*—A city ordinance requiring several classes of professional men to pay a license tax is not unconstitutional, in that such tax is not required of all classes of professional men, where the tax bears equally upon all persons of the classes named.

COMPLAINT—*Sufficiency in prosecution for violation of ordinance.*—A complaint for violation of an ordinance imposing a license tax upon lawyers is not objectionable in that it charges that defendant transacted the business or profession of a lawyer, or in failing to charge that he followed his profession for a compensation, or that he was a lawyer of any pretensions whatever.

*Appeal from Ninth Judicial District, Gallatin County.*

CONVICTION for violation of a city ordinance. Defendant was tried before ARMSTRONG, J.   Affirmed.

*E. P. Cadwell, pro se.*

The complaint is insufficient in charging that the defendant did transact and engage in the business or profession of a lawyer. The offense is charged in the alternative or disjunctive manner. To say that one transacts and engages in the business of a lawyer is not synonymous with saying that one transacts and engages in the profession of a lawyer. They are not synonymous terms, and not being so, the complaint is bad. (*People* v. *Tomlinson*, 35 Cal. 508; *People* v. *Hood*, 6 Cal. 236; *Commonwealth* v. *Grey*, 2 Gray, 501; 61 Am. Dec. 476; *State* v. *Gary*, 36 N. H. 359; *Noble* v. *State*, 59 Ala. 73.) The complaint is further deficient in that it does not allege that the defendant followed his profession or business for a compensation, i. e., it is not shown by the allegation that he is a professional man, as provided in the ordinance. There is certainly no implication that every lawyer follows his profession for gain. Many are lawyers for the satisfaction of becoming proficient and learned in the law—an accomplishment—a *status* desired—an attainment acquired. And again: "When an act is not in itself necessarily unlawful, but becomes so by the peculiar circumstances and relations, or by a prohibition statute, all the matter must be set forth in which its illegality consists." (*People* v. *Martin*, 52 Cal. 201; *R.* v. *Asrm*, 5 East, 304; *State* v. *Burt*, 25 Vt. 373; *McQuoid* v. *People*, 3 Gilm. 76; *Cantril* v. *People*, 3 Gilm. 356.) The complaint is further insufficient in that it does not state that the defendant was a lawyer, during the time stated, of any pretensions whatever, not even earning thirty dollars a year. Neither does it state when, how, or with whom he practiced as a lawyer. (2 Wharton on Precedents of Indictments, § 804, p. 371; *Commonwealth* v. *Thayer*, 8 Met. 523; *Commonwealth* v. *Stowell*, 9 Met. 569.) The ordinance is unconstitutional in that it only attempts to license a part or portion of the professional men and not all. (Dillon on Municipal Corporations, §§ 256, 259, 322, 325.)

*W. F. Davis,* for Respondent.

Under a charter authorizing complaint to be made for the violation of ordinances, but not prescribing the mode or requisites, a complaint is not in the nature of an information by a common informer, and the same strictness is not required as in an information or indictment. It is sufficient if it sets out with clearness the offense charged, and the substance of that part of the ordinance which has been violated, with a reference to the title, date, or section. (2 Dillon on Municipal Corporations, § 347. See Comp. Stats. § 407, p. 708; 13 Am. & Eng. Ency. of Law, 518, 521, note 1.) A city may impose a special tax upon lawyers. (*City of Wilmington* v. *Macks*, 86 N. C. 88; 41 Am. Rep. 443; 13 Am. & Eng. Ency. of Law, 538, note 1.) A lawyer is one whose business is to know and practice law. (12 Am. & Eng. Ency. of Law, 964.) A license tax on business callings need not embrace all classes of business. It is essential only that all persons pursuing the same occupation shall be taxed in the same ratio. So a license tax on members of the bar is not open to the objection of inequality because it requires every lawyer to pay the same amount without reference to the amount of his income. (*Robinson* v. *Mayor etc.*, 1 Humph. 156; 34 Am. Dec. 639.)

Per CURIAM.—This is an appeal from a judgment of conviction for practicing law without first having obtained a license. The proceeding was commenced in the police court of the city of Bozeman under the following ordinance of the city: "There shall be levied and collected by the city treasurer and collector from all persons engaged in the kinds of business hereinafter mentioned within the limits of the city of Bozeman a license tax as follows: . . . . 3. From each professional man, before practicing as such. All lawyers, dentists, physicians, surgeons, and all other professions, insurance agents, real estate agents, and notaries public, shall pay a license of one dollar (\$1) per quarter. Provided that all persons who draw any legal instruments, deeds, power of attorney or other documents, for which he charges a fee, when the amount of fees for such services amount to thirty dollars (\$30) per year, shall be considered a professional man. 4. Any person or persons,

corporation or association who shall transact any business, trade, occupation, or profession, for which a license is required by this ordinance, without first obtaining the same, shall be deemed guilty of a misdemeanor, and, upon conviction, shall be fined in any sum not less than ten dollars ($10) nor more than one hundred dollars ($100), together with costs of prosecution."

The portion of the complaint charging the offense is in the following language: "That one E. P. Cadwell, from the first day of August, 1892, until the twenty-sixth day of April, 1893, at the city of Bozeman, in the county of Gallatin, state of Montana, and within the corporate limits of said city of Bozeman, did there and then transact and engage in the business or profession of a lawyer without first obtaining a license from said city therefor, and for which professional business a license was and is required by subdivision five of section one of Ordinance No. 86 of said city, entitled 'Concerning Licenses,' and passed August 27, 1891, in violation of section one of Ordinance 86 of said city of Bozeman, entitled 'Concerning Licenses'; wherefore," etc.

The defendant demurred to the complaint, which demurrer was overruled. Upon the trial in the police court the defendant was found guilty. He appealed to the district court. In that court he again urged his demurrer, which was again overruled. On that trial judgment being against defendant, he appeals to this court, and again urges that his demurrer should have been sustained. His contention is that the complaint does not contain facts sufficient.

The appellant's brief has taken a wide range, through which we have followed him, but do not think it necessary to treat all the points *in extenso.* The ordinance under which he was prosecuted was passed in pursuance to a provision of the act of the legislature incorporating the city, which is as follows: "That the city council shall have power to license, tax, and regulate . . . . professional men. . . . . *Provided,* no license shall exceed in amount one-fourth of the license required to be paid by the statute of this state for like business."

Appellant contends that, as the city council had power to license professional men, an ordinance which licensed certain

professional men, and not all, was void and unconstitutional. He contends that to make the ordinance constitutional it should have licensed all professional men—not only lawyers, dentists, physicians, surgeons, etc., but judges, statesmen, college professors, clergymen, etc. But the ordinance is not open to the objection urged, as it bears equally upon all persons of a class. (*In re Dewar's Estate,* 10 Mont. 442.)

Appellant again contends that the complaint is not sufficient in that it charges that the defendant transacted the business or profession of a lawyer. He also contends that the complaint is insufficient in that it does not charge that defendant followed his profession for a compensation, and also that it does not charge that defendant was a lawyer of any pretensions whatever.

We have examined all of the objections urged by appellant to the complaint, and do not consider that any of them are tenable. (Comp. Stats., § 407, p. 708.) The judgment is therefore affirmed.

*Affirmed.*

All concur.

