CITY OF PHILIPSBURG, RESPONDENT, *v.* HERMAN WEINSTEIN, APPELLANT.

[Submitted May 12, 1898. Decided May 23, 1898.]

*Criminal   Law — Pawnbroker — License — Pleading — Ordinance—Review on Appeal.*

1. PAWNBROKER—*License.*—In a criminal action for carrying on the business of a pawnbroker, which is a misdemeanor under the Statute, the evidence tended ·to show that defendant frequently loaned money to persons upon the pledge of personal property as security, and that they had a right to redeem the property so pledged by paying the sum borrowed with interest; the defendant claimed that he bought the

property referred to and sold the same back to the owners. *Held*, that the finding of the court that the defendant was guilty would not be disturbed.

2.   SAME—*Pleading—Ordinance.*—Under Section 2680 of the Penal Code, [in a criminal proceeding for the violation of a city ordinance, it is sufficient to plead the ordinance by title, section and subdivision.

3.   APPEAL.—*Review.*—The Supreme Court will not review an error of law not raised in the District Court.

*Appeal from District Court, Granite County; Theodore Brantly, Judge.*

Herman Weinstein was convicted of violating an ordinance of the city of Philipsburg in carrying on a pawnbroking business without a license. From the judgment and an order overruling his motion for a new trial, he appeals. Affirmed.

*W. E. Moore,* for Appellant.

*Durfee & Brown,* for Respondent.

PER CURIAM.   The defendant appeals from a judgment of the district court finding him guilty of a misdemeanor, and fining him five dollars, for having carried on and conducted the business of a pawnbroker without having first procured a license, as required by the ordinances of the city of Philipsburg, Montana.   He also appeals from an order overruling his motion for a new trial.

1.   This court cannot say that the evidence is insufficient to justify the finding of the court that the defendant was guilty of pawnbroking.   There is substantial evidence on the part of the city tending to prove that defendant frequently loaned money to persons who pledged him their personal effects and property, such as watches, revolvers, etc., as security for loans made, and who were accorded the right of redeeming effects so pledged by repayment of the sum borrowed, with heavy rates of interest added.   The defendant himself admitted such transactions, but said that he bought the effects left in his possession, and that he sold them back in a short time for advanced figures.   But the court found that the business was pawnbroking, not bargain and sale, and we cannot hold that the finding was unsupported by the evidence.

2.   It is argued that the complaint is insufficient, for the reason that the ordinance alleged to have been violated is not properly pleaded, not being set forth in the complaint.   The ordinance was pleaded by reference to its title, section, and subdivision of section, and chapter of the revised and codified ordinances, of the city of Philipsburg.   No more is required. (Section 2680, Penal Code; *City of Bozeman* v. *Cadwell*, 14 Mont. 480, 36 Pac. 1042.)

3.   The next point made by appellant is that the ordinance alleged to have been violated was not read or introduced in evidence upon the trial.   No such error is specified in the assignments of error.   The question, therefore, not having been before the district court for review, is not before this court on appeal.   (*Tuttle* v. *Merchants' National Bank*, 19 Mont. 11, 47 Pac. 203.)   Besides, the case was evidently tried by all parties upon the theory that the ordinance referred to in the complaint was admitted in evidence by the court.

The judgment and order appealed from are affirmed.

*Affirmed.*