MALONEY ET AL., RESPONDENTS, *v.* KING ET AL., APPELLANTS.

(No. 1,548.)

(Submitted April 8, 1901. Decided April 8, 1901.)

*Restraining Order—Appeal—Injunction.*

Code of Civil Procedure, Sec. 1722, as amended February 28, 1899, providing that an appeal may be taken from an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction, does not authorize an appeal from a temporary restraining order pending the hearing of an order to show cause why an injunction *pendente lite* should not be issued.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

SUIT by James H. Maloney and others against Silas F. King and others. From a restraining order, defendants appeal. Dismissed.

*Messrs. McBride & McBride* and *Mr. E. N. Harwood,* for Appellants.

*Messrs. McHatton & Cotter,* for Respondents.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

On the 18th day of April, 1900, the district court of Silver Bow county made and caused to be entered an order requiring the defendants to show cause on the 28th day of May why an injunction *pendente lite* should not be issued against the defendants, and meanwhile restrained them from committing the acts which the plaintiffs alleged the defendants were threatening to commit,—in other words, the plaintiffs applied for an injunction upon an order to show cause, and the court enjoined the defendants until the hearing and decision of the application by an order which, by Section 873 of the Code of Civil Procedure, is denominated a "restraining order." From the restraining order the defendants have attempted to take an appeal. The plaintiffs move that the purported appeal be dismissed upon the ground that the order is not one from which an appeal lies.

The question presented was considered and decided in *Wetzstein* v. *Boston & Montana Consol. Copper & Silver Mining Co.,* 25 Montana, 135, 63 Pacific Reporter, 1043, where it was held that Section 1722 of the Code of Civil Procedure as amended in 1899 (Laws of 1899, p. 146) makes provision for an appeal from an order granting or dissolving or refusing to grant or dissolve an injunction, but does not authorize an appeal from

.an order granting or refusing a restraining order. In that case this Court said that "there is no appeal from an order granting or refusing a restraining order pending the hearing of an order to show cause why an injunction should not issue." The doctrine in that case is now adhered to; upon its authority the appeal must be dismissed, and it is so ordered. Let *remittitur* issue forthwith.

*Dismissed.*