COOMBS ET AL., APPELLANTS, v. BARKER ET AL., RE-
SPONDENTS.

(No. 2,104.)

(Submitted June 15, 1905. Decided July 24, 1905.)

*Order Granting New Trial—Execution—Stay.*

Orders—When Final—Appeal.
  1. While an order upsetting a verdict vacates the judgment, still such an order is not final until after the time for appeal therefrom has passed, or until the appeal is determined.

Appeal from Order Granting New Trial—Execution—Stay.

    2.  Under Code of Civil Procedure, section 1733, providing that the filing of an appeal bond of $300 stays all proceedings in the trial court "on the judgment or order appealed from," where both parties appealed from an order granting a new trial in part, a bond executed on the appeal did not stay the execution of the judgment.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by Frank Coombs and others against David L. S. Barker and others. From an order annulling an execution on a judgment in favor of plaintiffs, they appeal. Reversed.

*Messrs. H. G. & S. H. McIntire,* and *Mr. Fletcher Maddox,* for Respondents.

The original decree or judgment herein was entered July 18, 1903. *Inter alia* it included a money judgment against the moving defendants for $64,411.32 and $105 costs of suit. On the same day, July 18, 1903, an execution was sued out by plaintiffs and levied on the property in question. On October 26, 1903, the court granted defendants' motion for new trial so far as the said judgment for $64,411.32 was concerned. But on the same day, on plaintiffs' motion, by a supplemental order, continued in force the *levy* which had been made under said execution "until the further order of the court." On October 30, 1903, plaintiffs perfected an appeal from said order granting defendants a new trial. On November 10, 1903, defendants perfected an appeal from so much of the order of October 26th as denied their motion for new trial and from the judgment of July 18th as modified October 26th, and gave the usual undertaking on appeal for $300 and also for $210, being double the amount named in the judgment as so modified.

The granting of the new trial had the effect to vacate the judgment of July 18, 1903, and to leave the case as though it had never been tried, so far as the money judgment therein is concerned. "Granting a new trial has the effect of vacating the judgment as well as the verdict; for the judgment rests upon the verdict and must fall with it." (Hayne on New Trial and

Appeal, sec. 167, p. 498; *Thompson* v. *Smith,* 28 Cal. 534;
*Worden* v. *Murdock,* 23 Cal. 549, 83 Am. Dec. 135; *Martin* v.
*Malfield,* 49 Cal. 45.) "And therefore an appeal cannot be
taken from the judgment after a motion for new trial has been
granted." (Hayne on New Trial and Appeal, sec. 167; *Kower*
v. *Gluck,* 36 Cal. 407. See, also, *Knowles* v. *Thompson,* 133
Cal. 245, 65 Pac. 468; 14 Ency. of Pl. & Pr., p. 935, and cases
in note 8; *Kower* v. *Gluck,* 33 Cal. 407; *Wheeler* v. *Kassabaum,*
76 Cal. 90, 18 Pac. 120; *Thompson* v. *Smith,* 28 Cal. 524, 528;
*Estate of Crozier,* 65 Cal. 333, 4 Pac. 109.) "When a judg-
ment is properly set aside the execution thereon issued falls
with it, without a motion to quash." (*Ballard.* v. *Whitlock* (Va.
1868), 18 Gratt. 235; 21 American Century Digest, col. 305,
sec. 30 (h).)

The case presented is, by analogy, the same as when a re-
ceiver has been appointed. The taking possession by such re-
ceiver is an equitable levy; the property is thereafter *in custodia
legis.* So with an execution levy the property levied upon is
also *in custodia legis.* In the case of property so taken posses-
sion of by a receiver the rule is universal that upon perfecting
an appeal drawing in question the validity of the receiver's ap-
pointment, the receiver must restore to the defendant possession
of all property received by him as receiver. (See *Havemeyer*
v. *Superior Court,* 84 Cal. 327, 18 Am. St. Rep. 192, 24 Pac.
136-140; *People's Cemetery Co.* v. *Oakland Cemetery Co.,* 24
Tex. Civ. App. 668, 60 S. W. 679; *State* v. *Hirzel, Judge,* 137
Mo. 435, 37 S. W. 921, 38 S. W. 961; *Farmers' Nat. Bank* v.
*Backus,* 63 Minn. 115, 65 N. W. 255; *Buckley* v. *George,* 71
Miss. 580, 15 South. 46; *Insurance Co.* v. *Hotel Co.,* 37 Wis.
125.) There is no authority under the law to retain the posses-
sion of the property levied on by giving the undertaking, had in
this case. Such undertaking is not pursuant to any statutory
authority, and is no defense to defendants' demand for a restora-
tion of their property.

Where the court has improperly made an order directing an
execution to issue, or, in this case, to keep the execution levy

in force, it may on motion recall the execution, or rescind the order referred to, even though the order itself might be appealable, as one made after final judgment. (*Buell* v. *Buell,* 92 Cal. 393, 28 Pac. 443, which reaffirms the same principle announced in *Dorland* v. *Hanson,* 81 Cal. 202, 15 Am. St. Rep. 44, 22 Pac. 552.)

We must conclude, then, that the supplemental order of October 26, 1903, continuing in force the levy, was and is in excess of the court's jurisdiction, and should be annulled.

*Messrs. A. C. Gormley,* and *Walsh & Newman,* for Appellants.

If this case is not one within the provisions named in section 1730 of the Code of Civil Procedure, the giving of the cost bond had the effect of staying all proceedings. Section 1733 of our Code is the same as section 949 of the California Code. That section has been construed in several cases in the supreme court of that state, and it invariably held that giving the cost bond stays all proceedings. (*Painter* v. *Painter,* 98 Cal. 625, 33 Pac. 483; *Born* v. *Horstman,* 80 Cal. 452, 22 Pac. 169; *Kreling* v. *Kreling,* 116 Cal. 458, 48 Pac. 383; *Johnson* v. *Power,* 93 Cal. 266, 28 Pac. 1070; *McCallion* v. *Hibernia Soc.,* 98 Cal. 442, 33 Pac. 329; *Anderson* v. *Anderson,* 123 Cal. 445, 56 Pac. 61; *Pennie* v. *Superior Court,* 89 Cal. 31, 26 Pac. 617; *Snow* v. *Holmes,* 64 Cal. 232, 30 Pac. 806; *Estate of Schedel,* 69 Cal. 241, 10 Pac. 334.) Hence, the proceedings are fully and effectually stayed, and the execution left in full force. The rights of the parties were preserved, and remain in the same condition as they were at the time the motion for a new trial was granted, and the appeals taken therefrom. (*Pierce* v. *Birkholm,* 110 Cal. 671, 43 Pac. 205; *Henry* v. *Merguire,* 111 Cal. 2, 43 Pac. 387; *Mountain etc. Co.* v. *Bryan,* 111 Cal. 38, 43 Pac. 410; *Storke* v. *Storke,* 116 Cal. 55, 47 Pac. 869, 48 Pac. 121; *Etchas* v. *Orena,* 121 Cal. 272, 53 Pac. 798.)

The court did not have jurisdiction or authority to release the levy. (*Ex parte Oxford,* 102 Cal. 656, 36 Pac. 928; *Ruggles* v. *Superior Court,* 103 Cal. 125, 37 Pac. 211; *Stewart* v. *Taylor,* 68 Cal. 5, 8 Pac. 605; *Pennie* v. *Superior Court,* 89 Cal. 31, 26 Pac. 617; *Peycke* v. *Keefe,* 114 Cal. 212, 46 Pac. 78; *Owen* v. *Pomona etc. Co.,* 124 Cal. 331, 57 Pac. 71; *Ford* v. *Thompson,* 19 Cal. 119; *Whitbeck* v. *Montana Cent. Ry. Co.,* 21 Mont. 102, 52 Pac. 1098. See cases collated in 2 Century Digest, 2559.) The plaintiffs acquired a lien on the property by their levy. The property was in the hands of the sheriff, and held by him as security. If the order granting a new trial should be reversed, the sheriff may then proceed to sell the property, under writ of *venditioni exponas* or an alias writ. (Freeman on Executions, secs. 32, 206, 271.) A stay of execution made by the court does not affect the lien of the levy. (Freeman on Executions, sec. 206; *Bain* v. *Lyle,* 68 Pa. St. 60; *Bond* v. *Willett,* 31 N. Y. 102; *Batdorf* v. *Focht,* 44 Pa. St. 195; *Dryer* v. *Graham,* 58 Ala. 623; *Griffin* v. *Wallace,* 66 Ind. 410; *Keel* v. *Larken,* 72 Ala. 493; *Duer* v. *Morrell,* 20 Ill. App. 355.)

MR. JUSTICE MILBURN delivered the opinion of the court.

This is an appeal from an order made after final judgment. Under an execution the sheriff levied upon certain shares of stock and certain money belonging to some of the defendants. The court granted a motion for a new trial in part. Plaintiffs and defendants appealed from this order. Plaintiffs also appealed from an order denying their motion for a new trial as to two defendants, Lavina A. Collins and E. J. Barker, and from a judgment in their favor. Thereafter the court, on motion based upon the files and records, made its order annulling the execution, and it is from this order that this appeal is before us.

The court seems to have entertained the idea, suggested by counsel here and in the court below, that there was not any

judgment against the defendants, because the court had granted a motion for a new trial. Several early California authorities are cited, which bluntly, without argument, say that the granting of a motion for a new trial vacates the judgment. Of course, a final order upsetting the verdict vacates the judgment. But such an order is not final until after the time for appeal therefrom has passed, or until the appeal is determined if there be one.

The appellants were not affirmatively commanded to do anything by the order granting the new trial. Therefore their appeal falls within those referred to in section 1733 of the Code of Civil Procedure, which declares that the filing of the appeal bond of $300 stays all proceedings in the court below upon the judgment or order appealed from. The law is full of difficulty when we think of the numerous appeals allowed in the same cause, but the proceedings are stayed or not stayed under the judgment when an appeal such as the one before us is perfected. If the perfecting of the appeal stays only proceedings relating to "the *order* appealed from" (section 1733), then the sheriff may go ahead with the execution, and the court may not interfere. If, on the other hand, the proceedings under the judgment are stayed, then the sheriff stops, stays his hand, and waits, and the court may not annul the execution and order him to proceed to gather up the property and give it over to the judgment debtor.

The court was in error in making the order and setting aside the execution, and therefore said order is reversed and set aside.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.