STEPHENSON, RESPONDENT, *v.* HOME INSURANCE CO., APPELLANT.

(No. 5,121.)

(Submitted April 7, 1923. Decided May 1, 1923.)

[214 Pac. 955.]

*Appeal and Error—New, Trial—Directed Verdict on Conflicting Evidence—Appeal from New Trial Order Vacates Judgment—Appeal from Judgment—Dismissal.*

Appeal and Error — Directed Verdict on Conflicting Evidence—New Trial Proper.
1. Where the trial court invaded the province of the jury by peremptorily directing them to find in favor of one of the parties upon an issue the evidence pertaining to which was in conflict, it properly granted a new trial.

Same—Specification of Error not Argued in Brief Deemed Abandoned.
2. A specification of error not argued in appellant's brief will be deemed abandoned.

Same—Order Granting New Trial Vacates Judgment—Dismissal of Appeal from Judgment.
3. The effect of an order granting a new trial is to vacate the judgment, and if properly granted, the appeal from the judgment taken at the same time as the appeal from the order will be dismissed, there being then nothing upon which the appeal from it can operate.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by W. A. Stephenson against the Home Insurance Company of New York. From a judgment for plaintiff and an order granting plaintiff's motion for a new trial defendant appeals. Order affirmed and appeal from judgment dismissed.

*Messrs. Freeman, Thelen & Frary,* for Appellant, submitted a brief; *Mr. G. S. Frary* argued the cause orally.

*Mr. T. F. McCue,* for Respondent, submitted a brief.

MR. COMMISSIONER ROSE prepared the opinion for the court.

This is an action to recover on two fire insurance policies. The case was tried to a jury, and plaintiff recovered judgment.

[1]   Thereafter plaintiff's motion for a new trial was granted for the reason that the trial court had invaded the province of the jury in peremptorily directing them, if they found for plaintiff, to deduct the sum of $850, the interest claimed by another in the property insured. This was a matter about which there was a conflict in the testimony, and which should have been submitted to the jury for their determination, so that the trial court very properly granted plaintiff's motion. Defendant attempts to appeal from the judgment and from the order granting plaintiff's motion for a new trial.

The sole question presented to this court for determination is whether or not the defendant insurance company waived the provision in the policies requiring a sworn statement or proof of loss to be furnished within 60 days after the fire.

That the trial court erred in granting respondent's motion [2]   for a new trial is assigned as reversible error by appellant. This specification of error was not argued in appellant's brief, and, having failed and neglected to argue the same, it will be deemed to have been waived or abandoned, as this court has repeatedly held in a long line of decisions, a few of which are here cited: *Collier* v. *Ervin,* 2 Mont. 335; *Maloney* v. *King,* 25 Mont. 188, 64 Pac. 351; *Frank* v. *Butte & Boulder etc. Co.,* 48 Mont. 83, 135 Pac. 904; *Western Min. etc. Co.* v. *Melzner,* 48 Mont. 174, 136 Pac. 44; *Trogdon* v. *Hanson Sheep Co.,* 49 Mont. 1, 139 Pac. 792.

This disposes of the appeal from the order granting a new [3]   trial, and, this question having been determined, there is then no judgment from which to appeal. In *Coombs* v. *Barker,* 33 Mont. 74, 81 Pac. 737, this question was raised. The court intimated that the granting of the motion for a new trial did not thereupon immediately vacate the judgment, and in passing upon this question the court said: "Of course, a final order upsetting the verdict vacates the judgment. But such an order is not final until after the time for appeal therefrom has passed, or until the appeal is determined if there be one." (*Pierce* v. *Birkholm,* 110 Cal. 669, 43 Pac. 205.)

The rule is stated in 1 Hayne on New Trial and Appeal, page 16, as follows: "But an order granting a new trial has the effect of vacating the judgment, and a party cannot thereafter take an appeal from the judgment, unless an appeal is taken from the order granting a new trial; in which event the appeal from the order suspends its operation, and leaves the judgment subsisting for the purpose of an appeal therefrom. If, in such a case, the order is affirmed, the judgment falls, and the appeal therefrom should be dismissed. If the order is reversed, the judgment is left standing, subject, of course, to affirmance or reversal."

As the order granting a new trial has the effect of vacating the judgment, the affirmance of that order leaves nothing in the court below upon which the appeal from the judgment can operate, and we recommend that the appeal from the judgment be dismissed and the action of the lower court affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the appeal from the'judgment is dismissed and the action of the lower court affirmed.

*Affirmed.*