LABBITT, RESPONDENT, v. BUNSTON, APPELLANT.

(No. 6,231.)

(Submitted October 13, 1927.   Decided October 25, 1927.)

[260 Pac. 727.]

*Injunction — Temporary Restraining Order — Refusal to Dissolve—Appeal—Jurisdiction.*

Appeal—When Allowable.
  1.  An appeal is the creature of statute and is allowable only where the judgment or order sought to be reviewed is fairly covered by the terms of the statute invoked.
Injunction—Restraining Order is Injunction.
  2.  *Held,* that a temporary restraining order is an injunction, the purpose of which is to keep matters in statu quo until upon a trial of the merits the rights of the parties may be determined.
Same—Restraining Order—When Motion to Dissolve Proper Practice.
  3.  Though a motion to dissolve a temporary restraining order is irregular practice, the proper practice being a motion to shorten the time where the order to show cause is set for a too far distant date, where defendant was enjoined by such an order from interfering with a threatened sale of crops to be held the following day or with the harvesting of the crops by plaintiff, a motion to dissolve *held,* not improper.
Same—Injunctive Orders Granted Without Notice not Appealable, but Open to Motion to Dissolve or Vacate.
  4.  Injunctive orders granted without notice are not appealable but are open to a motion to vacate, dissolve or modify.
Same—When Appeal Lies from Order Refusing to Dissolve Temporary Restraining Order as from One Refusing to Dissolve Injunction.
  5.  Where a motion to dissolve a temporary restraining order was heard at once and the matter of propriety of its issuance presented to the court as fully as it could have been on hearing of an order to show.cause issued, and the court in denying the motion, instead of preserving the status quo, authorized one party to the action to harvest and sell crops (the subject in controversy) while restraining his opponent from interfering with him, its order was an adjudication of the right of the former to an injunction pendente lite, from which an appeal lay under section 9731, Revised Codes 1921.
Same—Refusal to Dissolve Temporary Injunction—Stay Granted by Supreme Court on Bond Furnished—Respondent not Injured.
  6.  Where the supreme court on appeal from an order refusing to dissolve a temporary injunction granted appellant a stay order conditioned on his furnishing a bond for the protection of respondent's rights, the latter was not injured thereby and therefore will not be heard to complain of its issuance.

---

1.  See 2 R. C. L. 29.

Appeal—Question of Jurisdiction may be Raised for First Time on Appeal.

7. The rule that a party will not be heard on appeal to present questions of pleading and practice without first having afforded the trial court an opportunity to pass upon them does not apply to the question of jurisdiction of the trial court, which may be raised for the first time in the supreme court.

Restraining Order — District Court cannot Grant Until Action Commenced.

8. *Held,* that district courts are without jurisdiction to grant any sort of restraining order until an action has been commenced by the filing of a complaint and then only at the time of issuance of summons, and thereafter and before judgment, such an order may be granted only upon affidavits.

Same—Temporary Restraining Order Issued Before Filing of Complaint Void for Want of Jurisdiction.

9. Where a temporary restraining order was issued upon a reading of the complaint by the district judge, which complaint was not filed until two days thereafter, the order was void and was not rendered valid by a modification thereof, after such filing, on a hearing of defendant's motion to dissolve the injunctive order; since then such an order could only be made upon affidavits filed. (See par. 8, above.)

Same—Motion to Dissolve not an Appearance.

10. A motion to dissolve a temporary injunction is not an appearance in the action.

---

[1] Appeal and Error, 3 C. J., sec. 29, p. 316, n. 43.
[2] Injunctions, 32 C. J., sec. 10, p. 27, n. 82.
[3] Appeal and Error, 3 C. J., sec. 403, p. 563, n. 16. Injunctions, 32 C. J., sec. 1, p. 19, n. 1; sec. 10, p. 29, n. 10 New.
[4, 5] Appeal and Error, 3 C. J., sec. 403, p. 563, n. 16. Injunctions, 32 C. J., sec. 10, p. 29, n. 10; sec. 662, p. 391, n. 55 New.
[6] Appeal and Error, 4 C. J., sec. 2887, p. 916, n. 31.
[7] Appeal and Error, 3 C. J., sec. 649, p. 752, n. 86.
[8] Injunctions, 32 C. J., sec. 461, p. 289, n. 19 New; sec. 583, p. 352, n. 94.
[9] Injunctions, 32 C. J., sec. 454, p. 286, n. 65; sec. 461, p. 289, n. 19 New.
[10] Appearances, 4 C. J., sec. 32, p. 1341, n. 29.

*Appeal from District Court, Big Horn County; Robert C. Stong, Judge.*

ACTION by L. H. Labbitt against H. W. Bunston. Defendant appeals from an order refusing to dissolve a temporary restraining order and plaintiff moves to dismiss the appeal. Motion to dismiss denied and order reversed and cause remanded, with directions to dissolve the injunction.

[80 Mont. 293.]

*Messrs. Guinn & Maddox* and *Mr. C. A. Spaulding,* for Appellant, submitted a brief; *Mr. D. W. Maddox* and *Mr. Spaulding* argued the cause orally.

*Mr. F. D. Tanner* and *Mr. E. G. Toomey,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On September 17, 1927, counsel for L. H. Labbitt prepared a complaint in which the plaintiff alleged that H. W. Bunston was and is the owner of certain lands in Big Horn county, which, on November 19, 1926, he leased to one George Hoffman for a term of one year after March 1, 1927, on a crop rental of one-half of hay, one-third of grain and one-fifth of beets produced. It is then alleged that Hoffman took possession of the lands on March 1, and on March 11 executed and delivered to the plaintiff a chattel mortgage covering certain livestock, farm machinery implements and the crops to be grown upon the lands, as security for the payment of money loaned and advanced, amounting to something over $1,700. The mortgage was duly filed according to law on March 12.

The complaint further alleges that the tenant planted and cultivated eighteen acres of sugar-beets and thirty acres of alfalfa, which crops were fully matured and ready for harvest on September 17, 1927, and that the chattel mortgage owned by plaintiff is a valid and subsisting lien upon the crops, but that on September 5, 1927, Hoffman notified both the plaintiff and defendant that he refused to further care for the crops or harvest them, or care for the livestock or implements described in the chattel mortgage, and was then and there abandoning all of such property. It is alleged that such abandonment constituted a breach of the conditions of the mortgage, and that, pursuant to the power of sale contained in the mortgage, plaintiff took possession of the livestock and implements for their preservation, and by way of foreclosure of the mortgage

authorized the sheriff of Big Horn county to sell all of the chattels, including the standing crops on the lands of defendant, and that the sheriff has noticed a sale of all thereof to be held on a ranch in the vicinity, on September 20, 1927.

The complaint then alleges that, ''because of the abandonment of the real premises aforesaid and the crops now growing thereon, * * * notwithstanding such tenant and his family continue to reside thereon, the defendant, in violation of his lease agreement,'' threatens to go upon the lands, take possession and control and harvest the crops in spite of plaintiff's objection and threatens to turn his livestock upon the crops; that he threatens to enjoin and prevent the sheriff from selling the crops on foreclosure sale and to use force of arms to prevent the plaintiff or other purchaser of the crops on such sale from entering upon the lands, harvesting and removing the crops, and will do so unless restrained, to the irreparable injury of plaintiff, in that it would be practically impossible to ascertain the amount of damages which would afford adequate relief, and that such restraint would prevent a multiplicity of suits, in that each time defendant repelled plaintiff would constitute a separate cause of action.

The complaint is for injunctive relief, that an order to show cause issue, and that defendant be restrained, pending a hearing on the order, from committing any of the acts complained of in the complaint.

On the reading of this complaint and on the seventeenth day of September, the court issued an order to show cause why the defendant should not be enjoined from committing the acts complained of, and particularly from harvesting the crops or assuming control over them or turning his stock upon them, ''until such time as such crops shall have been harvested and removed, or otherwise disposed of by the plaintiff within a reasonable time after severance,'' and why he should not be restrained from molesting, restraining or otherwise interfering with the sale by the sheriff as noticed, or from preventing the plaintiff, his agents, etc., from going upon the

lands and harvesting or caring for the crops in the event plaintiff becomes a purchaser at such sale. And in the order to show cause it is "further ordered that the defendant, his agents, servants, and employees * * * are hereby temporarily restrained from committing any of the acts aforesaid * * * pending hearing on the order to show cause," the order to be "operative" on plaintiff's filing a bond for $200, approved by the clerk of the court. The hearing on the order to show cause was set for October 6, 1927.

The complaint was filed on Monday, September 19, and, presumably, the $200 bond was then filed and approved, as summons was issued and served upon defendant on that day. On the same day the defendant filed and served notice of motion to "dissolve the injunction" on the grounds that (1) the complaint does not state facts sufficient to constitute a cause of action, or (2) "show any equitable relief by injunction or otherwise in favor of the plaintiff," and (3) that the complaint affirmatively shows that defendant is entitled to the possession of the premises as against any rights alleged in the plaintiff. The motion was presented to the court forthwith on the grounds stated in the notice of motion; it was taken under advisement, and on September 24, 1927, the court made and entered its written order denying the motion, and in this order modified the original restraining order by permitting the defendant to cut the alfalfa hay, but restraining and enjoining him from disposing of or using the hay, and "also enjoins the defendant from interfering with plaintiff in the harvest of said beets and hay." In closing, the court declares "the plaintiff shall not be interfered with by the defendant, and he shall immediately harvest the crop of hay and beets as heretofore set forth."

The defendant thereupon appealed from the order of September 24 as an order "refusing to dissolve an injunction," and applied to this court for an order staying the injunction until the appeal could be heard. The stay order was made, upon defendant filing a bond in the sum of $2,000, approved

by a member of the court, for the protection of plaintiff, and at the same time the appeal was set down for hearing on October 13, 1927. On the date set for hearing plaintiff filed a motion to dismiss, on the ground that no appeal lies from the order mentioned, and a motion to vacate the stay order, on the grounds that the court was without jurisdiction to make such an order, and that the petition therefor does not state facts sufficient to warrant such an order or show any equity in the defendant. Each side submitted briefs and orally argued the motions made and the merits of the appeal.

1. The question presented by the motion to dismiss the appeal is as to whether an appeal lies from the order of September 24, 1927.

In support of the motion plaintiff cites sections 9731 and 9732, Revised Codes of 1921, *Wetzstein* v. *Boston & Mont. etc. Co.*, 25 Mont. 135, 63 Pac. 1043, and *Maloney* v. *King*, 25 Mont. 256, 64 Pac. 668.

As an appeal is a creature of statute and is allowable only [1] where the judgment or order sought to be reviewed is fairly covered by the terms of the statute invoked (*Tuohy's Estate*, 23 Mont. 305, 58 Pac. 722; *State ex rel. Jackson* v. *Kennie*, 24 Mont. 45, 60 Pac. 589), if the motion to dismiss is denied, it must be on the ground that section 9731, above, authorizes an appeal to this court from the order under consideration, as an order which comes within that portion of the section which declares that "an appeal may be taken to the supreme court * * * from an order * * * granting or dissolving * * * or refusing to grant or dissolve an injunction."

Sections 9240 to 9255, Revised Codes of 1921, deal with the [2] subject of "Injunction" and are included in a chapter entitled "Injunction." In the *Wetzstein Case*, by a divided court of two to one, Mr. Justice Milburn, writing the decision, and Mr. Justice Pigott dissenting, it was declared that section 873 of the Code of Civil Procedure of 1895, now section 9245 of the Revised Codes of 1921, "very clearly makes a dis-

tinction between an injunction and a restraining order," that distinction being explained as follows: "A restraining order is distinguishable from an injunction, in that a restraining order is intended only as a restraint upon the defendant until the propriety of the granting of an injunction, temporary or perpetual, can be determined, and it does no more than restrain the proceedings until such determination." It is pointed out in the opinion that it is the plain duty of the court to set the hearing on the order to show cause at a very early date and, on application of the defendant, to shorten the time, to the end that a temporary expedient may not, in fact, become an injunction, and that, therefore, an appeal from such an order is not possible nor contemplated. Mr. Justice Pigott dissented, stating that in his opinion a restraining order is a species of injunction and is therefore an order from which an appeal will lie. However, Judge Pigott wrote the decision in *Maloney* v. *King,* above, which, on the authority of the Wetzstein opinion, held that an appeal does not lie from a temporary restraining order pending the hearing of an order to show cause why an injunction pendente lite should not issue.

In *State ex rel. Rankin* v. *Martin,* 65 Mont. 323, 211 Pac. 210, an appeal was taken from an order denying an injunction pendente lite and from an order dissolving a restraining order, and in the short opinion written by Mr. Commissioner Ford it is said that this court has held that no appeal lies from an order granting or refusing a temporary restraining order, citing the Wetzstein decision, but the order refusing an injunction pendente lite was there affirmed for the reason that the question presented by the appeal had become moot by reason of the fact that the cause had already been tried on its merits and a permanent injunction issued.

We cannot subscribe to the reasoning employed by Mr. Justice Milburn in the *Wetzstein Case,* to the effect that because the provisions of section 9245 distinguish, as a matter of procedure, between an injunction granted upon notice and

hearing and a temporary restraining order, the latter is not an injunction.

Section 9240 defines an injunction as "an order requiring [3] a person to refrain from a particular act." No definition of a restraining order is given in the chapter above referred to, other than that contained in section 9245, that it is an order by which the court or judge may "enjoin" the defendant from committing the act complained of "until the hearing and decision of the application" upon notice or order to show cause. It is manifest that any order which requires a person to refrain from a particular act for any period of time, no matter what its purpose, is an "injunction" and is so treated throughout the chapter mentioned, and that the legislature merely designated a temporary injunction, granted pending a hearing on the application, a "restraining order" for the purpose of convenience and clarity in prescribing the procedure to be followed. Thus in *Riggins* v. *Thompson,* 96 Tex. 154, 71 S. W. 14, it is said that a restraining order is an injunction, but the term is commonly used to designate a temporary injunction, as distinguished from the injunction, which is to remain in force during the pendency of the action; and in *State ex rel. Miller* v. *Lichtenberg,* 4 Wash. 407, 30 Pac. 716, it is said that the only purpose of a restraining order "is to keep things in status quo until the matter can be brought regularly before the court." Again, in the case last mentioned, the court declared that: "The court gets no jurisdiction in the matter for the purpose of interfering with the rights of either party until the giving of notice as required by statute." "The temporary order provided for * * * is not the result of the formal action of the court with jurisdiction to determine whether or not the rights of the defendant should be interfered with, but only the exercise of extraordinary power vested in the court from the necessities of the case, to prevent a failure of justice." The office of a temporary injunction is merely to preserve the status quo until upon a trial of the merits the rights of the parties may be determined.

(*Claussen* v. *Chapin*, 69 Mont. 205, 221 Pac. 1073.) These declarations clearly express the purpose of the legislature of this state in enacting section 9245, above.

2. However, conceding that the result reached in the *Wetzstein Case* is correct and that no appeal lies from the temporary and emergency order made, this conclusion does not dispose of the motion to dismiss, as the appeal before us is not from that order, but from the order of September 24, refusing to dissolve the injunction contained in the original order, modifying that order, and adding thereto the peremptory injunction that "the plaintiff shall not be interfered with by the defendant, and he shall immediately harvest the crop of hay and beets as heretofore set forth."

The original order was not such an one as is contemplated by section 9245, above, for it did not purport to, nor in fact did it, maintain the status quo, but tied the hands of the defendant only, while giving the plaintiff license to sell, harvest, remove and dispose of the crop in dispute before the hearing of the order to show cause.

It has been held in this state that the moving to dissolve a temporary restraining order is "irregular practice" (*Fabian* v. *Collins*, 2 Mont. 510), and that, in the event the hearing on the order to show cause is set for a too distant date, the defendant should move to shorten the time (*Wetzstein* v. *Boston & Mont. etc. Co.*, above). But here such practice was rendered impracticable, if not impossible, by the fact that the restraining order was served upon the defendant at some time on the 19th of September, enjoining him from enjoining or interfering with the sheriff's sale of the crops at 10 A. M. on the following day. Finding himself in this embarrassing situation, the defendant forthwith moved the dissolution of the injunction, and injunction it was; his right to do so was not questioned, and each party fully presented to the court his reasons for the position taken with respect to the validity of the order based upon the complaint on file and circumstances surrounding its filing. This is exactly what would have been done on

the hearing of the order to show cause and was tantamount to such a hearing, and when on September 24 the court by a single order refused to dissolve the injunction, modified it in some respects, and closed with the peremptory injunction that "the plaintiff shall not be interfered with by the defendant, and he shall immediately harvest the crop of hay and beets as heretofore set forth," all necessity for a hearing on the order to show cause was dissipated; the court had had the questions presented to it on notice and decided those questions adversely to the defendant.

As injunctive orders, granted without notice, are not appealable, they are vulnerable to a motion to vacate, dissolve or modify. (Sec. 9250, Rev. Codes 1921; *Butte Consolidated Min. Co.* v. *Frank,* 24 Mont. 506, 62 Pac. 922; *McDermott* v. *American Bonding Co.,* 56 Mont. 1, 179 Pac. 828; *Winnett Pacific Oil Co.* v. *Wilson,* 71 Mont. 250, 229 Pac. 850.)

Where the matter is heard upon an order to show cause, the right to a temporary injunction is "adjudicated" by the decision rendered after the hearing (*Winnett Pacific Oil Co.* v. *Wilson,* above) ; so here, as the motion to dissolve presented the question of plaintiff's right to the restraining order, and the decision on the motion was equivalent to a decision on the hearing on the order to show cause and rendered such a hearing needless, the order of September 24 was an "adjudication" of the plaintiff's right to an injunction pendente lite and an order refusing to dissolve an injunction, from which an appeal lies under section 9731, above, and it is so declared by Mr. Justice Hunt, speaking for this court in *Bennett Bros. Co.* v. *Congdon,* 20 Mont. 208, 50 Pac. 556, which decision is referred to in the Wetzstein opinion, but therein the distinction between an appeal from a restraining order and from an order refusing to dissolve such injunction is not noted.

For the reasons stated, the motion to dismiss the appeal is denied.

3. Plaintiff asserts that this court was without jurisdiction [6] to issue the stay order of September 26, under the pro-

hibition contained in section 9742, Revised Codes of 1921, and for the further reason that the appeal itself operated as a stay, citing *Coombs* v. *Barker,* 33 Mont. 74, 81 Pac. 737. We will not discuss this question further than to say that we do not consider the statute cited applicable, and that, if the appeal did in fact operate as a stay, the plaintiff was not injured by the stay order, but, on the contrary, was benefited in that the defendant was required to file a bond in the penal sum of $2,000 for the protection of the plaintiff's rights as a prerequisite to the issuance of the order.

4. Defendant assigns as error the refusal of the court to vacate its order of September 17, for the reason that, as no action was then pending, the court was without jurisdiction and the order was void.

Counsel for plaintiff asserts that, as defendant did not present such ground on the motion to vacate, it cannot now be urged against the order.

While the rule is that a party cannot present in this court for [7] the first time questions of pleading and practice on which, had he presented them to the trial court, he might have changed the result of the trial or the action of the court, and that a trial court will not be put in error on a point not brought to its attention and ruled upon during the trial (*Ivey* v. *La France Copper Co.,* 45 Mont. 71, 121 Pac. 1061; *Dawes* v. *City of Great Falls,* 31 Mont. 9, 77 Pac. 309; *City of Philipsburg* v. *Weinstein,* 21 Mont. 146, 53 Pac. 272), the rule does not apply to the question of the jurisdiction of the trial court, which question may be raised for the first time in this court (*Oppenheimer* v. *Regan,* 32 Mont. 110, 79 Pac. 695; *Rumping* v. *Rumping,* 36 Mont. 39, 12 Ann. Cas. 1090, 12 L. R. A. (n. s.) 1197, 91 Pac. 1057).

5. While counsel for plaintiff argued orally that the order of September 17 was but an order that a restraining order issue upon the filing of the complaint, the issuance of summons and the filing and approval of the required bond, they cite no authorities and present no argument to sustain the order

of September 17, but content themselves with the assertion that the order of September 24 was in itself a restraining order and supplanted and rendered nugatory the former order.

As to the oral assertion of counsel, in some jurisdictions, [8] in the absence of statutory regulation, the practice has been more or less current to secure an order for the issuance of a temporary restraining order or injunction prior to the commencement of the action on which, when the action is commenced, the clerk issues the order, the usual course being for the court to indorse upon the bill or complaint its order for the writ or order to issue upon the filing of the bill or complaint. (10 Ency. Pl. & Pr. 1921; *Stimson* v. *Bacon,* 9 N. J. Eq. 144.) Where this practice is followed, it has been held that the order allowing the injunction is not void, but is, at most, a mere irregularity. (2 High on Injunction, sec. 1583; 1 Joyce on Injunction, sec. 140; 10 Ency. Pl. & Pr., 920; 3 Estey's Pleadings, sec. 4231; 2 Sutherland on Pleading and Practice, 2838.) The text in the Encyclopedia of Pleading and Practice qualifies the statement by the declaration that this is so ''in the absence of any statute or rule of court requiring the bill to be filed before the issuance of an injunction''; and Joyce on Injunction goes no further than to state that in England interim injunctions have sometimes been granted in very urgent cases before bill filed; that the practice pertains in the counties of Maryland, though forbidden by rule in the Maryland chancery; that it exists to some extent in Vermont and is authorized by statute in a few states, while it is prohibited in others, and closes with the statement that: ''The general rule is that injunctions can issue only on bill filed and with proper prayer therefor; it was no doubt originally so in England, for it was one of the articles of impeachment against Cardinal Wolsey, as chancellor, that he granted injunctions without bill filed. (4 Coke's Inst. 92.)'' The statement in Estey's Pleadings is based solely upon the authority of *Heyman* v. *Landers,* 12 Cal. 107, in which it is held that the practice of obtaining an order for an injunction prior to the

filing of the complaint, on which the writ is issued with the summons, is not in conflict with statutes similar to our own.

In *Elmore County Irrigated Farms Assn.* v. *Stockslager,* 22 Idaho, 420, 126 Pac. 616, the majority opinion of the court follows the California decision above, although that state also has statutes similar to ours, and justifies such action by the statement that: "The order granting the writ is not the writ. The judge does not issue the writ of injunction, but directs the clerk to do so; and the clerk is not authorized to issue the writ until the complaint and the required undertaking are filed with him." It is suggested that this practice was probably adopted from California after the decision in *Heyman* v. *Landers* and has been indulged in for some years, and, if it is desirable that a change be made, it is better that the legislature make the change. Mr. Justice Ailshie vigorously dissented upon the ground that the statutory provisions do not warrant even this procedure, contending that the rule announced in *Gold Hunter Min. Co.* v. *Holleman,* 3 Idaho, 99, 27 Pac. 413, that the appointment of a receiver, under a like worded statute, before complaint filed, was void for lack of jurisdiction.

6. However, even though the above practice may have had some vogue in this state, the above decisions are not even persuasive in the case at bar, as the record does not bear out the assertion that this practice was followed; no order directing the clerk to issue the writ was made on the issuance of summons or otherwise; the order made is in the usual form of a restraining order; it was made and dated two days before the filing of the complaint, and closes with the direction that: "This *restraining order* shall be operative upon the plaintiff furnishing a good and sufficient bond in the sum of $200, to be approved by the clerk of the court, and after which service of this order and a copy of the complaint herein shall be served upon the defendant." It was therefore recognized and designated by the judge, who signed it, as a restraining order,

and the only condition imposed to its becoming "operative" was the "furnishing" of an approved bond.

From all that appears in the record or in the injunctive order, the plaintiff might have furnished a bond, secured the approval of the clerk, and forthwith caused the order to be served upon the defendant, with a copy of the complaint, without commencing an action and having summons issued at all.

Whatever the rule may be, in the absence of statutory regulation regarding the issuance of injunctive orders, the subject is regulated by statute in this state, and the only provisions therefore are that they may be granted in certain classes of actions (sec. 9243) "by the court in which the action is brought, or the judge thereof" (sec. 9240), "at the time of issuing summons" (sec. 9244), after the complaint has been filed (sec. 9106), on the complaint, "or at any time afterward before judgment, upon affidavits" (sec. 9244) either upon or without notice, unless the defendant has answered, or upon notice or order to show cause in the latter event (sec. 9245), and then, and then only, may the court enjoin the defendant from committing the acts complained of "until the hearing and decision of the application."

It is therefore clear that, under our procedure, the courts of this state are wholly without jurisdiction to grant any sort of restraining order unless or until an action has been commenced in a proper case by the filing of a complaint, and then only "at the time of issuing summons," unless afterward affidavits are filed.

7. The order of September 17 was, therefore, void for lack of jurisdiction and should have been dissolved or vacated on motion. (*Patrick* v. *Joyner*, 63 N. C. 573; *Armstrong* v. *Kinsell*, 164 N. C. 125, 80 S. E. 235; *State ex rel. Attorney General* v. *Board*, 35 Kan. 150, 10 Pac. 535; *Attorney General* v. *Chicago etc. R. Co.*, 35 Wis. 517; 7 R. C. L. 1031.)

8. As the order was void, it was not subject to modification, [9] and the so-called modification thereof on September 24

did not affect the situation; the defendant did not admit the validity of the order and ask for a modification, but appeared only for the purpose of moving the dissolution of the injunctive order. (21 R. C. L. 1326.)

9. Plaintiff's last assertion in support of the validity of the order appealed from is that the order of September 24 was, in itself, a sufficient injunctive order, and should therefore be upheld regardless of the question of the validity of the original order, but this cannot be so for several reasons.

The motion to dissolve was not an appearance in the action (*Donlan* v. *Thompson Falls Copper & Milling Co.*, 42 Mont. 257, 112 Pac. 445), and, as the application therefor was made and the order to show cause issued as a part of the order of September 17, prior to the commencement of the action, that order was void for want of jurisdiction, so that the order of September 24 was ineffective, even if we consider the hearing on the motion to dissolve as tantamount to a hearing on the order to show cause. The whole injunctive proceeding attempted to be initiated on September 17 was irregular and without effect; what the court could not do, manifestly the judge of that court could not accomplish.

10. Again, if we consider the order of September 24 as an [10] independent injunctive order issued under the provisions of section 9244, after commencement of the action and service had upon the defendant, it is void for the reason that such an order could only then be granted upon affidavits filed, and not upon the complaint alone.

For the reasons stated, the order appealed from is reversed and the cause remanded to the district court of Big Horn county, with direction to dissolve the injunction.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.